1819.

MATTER OF
BOSTWICK.

## In the Matter of S. F. Bostwick.

Under what circumstances, and in what manner, and to what extent, the *principal* of a sum devised to children, after the death of their mother, to whom the *interest* was payable during life, will be broke in upon, and directed to be paid, by the executors, for their present maintenance and education, being infants, and, also, for the discharge of debts contracted by the mother, for their *past* maintenance.

*August 16th.*    PETITION of *Susannah F. Bostwick,* stating, that her father, *Joseph Watkins,* now deceased, by his will, directed his estate, real and personal, to be appraised, and that his executors should put at interest, on good security, one *eighteenth* part thereof, and pay the interest of such part to the petitioner, during her life, in half yearly payments; and he then devised the principal, after her death, to her heirs. That the testator appointed her two brothers, *Joseph S.* and *John S. Watkins,* executors, who have qualified. That the estate being appraised, as directed, amounted to 66,293 dollars, 85 cents; and that the share of the petitioner amounted

to 3,682 dollars, 99 cents. That her father left her no other provision by the will, but a pecuniary legacy of 250 dollars, which she had received and expended, and the one fifth of a house and lot in *Spring-street*, after the death of her mother, who is fifty-six years old, which lot is held upon a lease for years, of which fourty-four years are to come. That the property above mentioned is all she possesses, except a small house on a lease, valued at 250 dollars, and the only means she has to support herself and six children, four sons and two daughters, all infants, the youngest of whom being under seven years. That her husband has abandoned his children, and by a decree of this court, of the 23d of *January*, 1818, the petitioner, as plaintiff, was separated forever from the bed and board of her husband, and the custody of the children was committed to her; and her husband was prohibited from intermeddling with the estate to which she was entitled under her father's will, or which she might otherwise acquire. That her children have no property but what is given to them as principal, by her father's will. That the testator died the 7th of *May*, 1817. That she is now in debt 682 dollars and 82 cents, for the necessary maintenance of herself and children, whom she is unable to support for less than 811 dollars per annum. *Prayer*, that part of the principal which, after her death, will go to her children, may now be applied towards their maintenance; and that the executors may pay her the debt of 682 dollars, 82 cents, already accrued, and an annual allowance out of the principal, which, with the interest, may be sufficient to maintain and educate the children.

This petition was supported by affidavit, and by schedules referred to, showing how the debt of 682 dollars arose, to whom due, and the necessary items comprising the sum requisite for the future maintenance. Due notice of the time and place of presenting the petition, with a copy of it, was served upon the executors.

1819.

MATTER OF
BOSTWICK.

1819.

MATTR. OF
BOSTWICK.

*R. Riker*, for the petitioner, cited *ex parte Whit-*
*field*, 2 *Atk.* 315.; *ex parte Kent*, 3 *Bro.* 88.; *ex parte*
*Salter*, 3 *Bro.* 500.; Sir *Th. Plumer*, in *Stretch* v. *Watkins*,
1 *Mad. Ch. Rep.* 257., to show that maintenance may be
allowed for an infant, upon petition, and without bill, and
though there be no cause in court.

Maintenance
allowed for in-
fants, out of the
capital of their
estate, upon
petition, with-
out bill.

THE CHANCELLOR. The practice seems sufficiently settled
by the authorities referred to, and by that of *ex parte Mount-*
*fort*, (15 *Ves.* 445.) to allow of the application for mainte-
nance, by petition. The history of the cases where relief
of this kind has been afforded upon petition, without bill, is
given in the case *ex parte Salter*, (3 *Bro.* 500;) and in that
case the costs of the petition were allowed to the guardian
in his accounts, according to the precedent in *ex parte*
*Thomas*, (*Amb.* 196.)

The greatest difficulty in this case is the application to
break in upon the capital of the infants' estate, for their main-
tenance and education. The legacy of one eighteenth of the
testator's estate, (and which amounted to 3,682 dollars, 99
cents,) was "to be put at interest, by the executors, upon
real security, at six or seven per cent. per annum; and the
interest of that sum was to be paid half yearly to the peti-
tioner, during her natural life; and after her decease, the
moneys so put at interest for her use were given and be-
queathed to her lawful heirs, equally to be divided between
them." We must impair the principal sum, or no relief
can be afforded to the infants. This case affords peculiar
and strong claims to such an interference. The petitioner
calls for it, though she thereby diminishes her own income.
The capital is small when divided among the six children;
and we may well adopt the remarks of Lord Keeper *North*,
in *Barlow* v. *Grant*, (1 *Vern.* 255.) that it was "fit and
reasonable that part of the principal of a child's legacy of
100*l.* should be allowed for his education. The money
laid out in the child's education was most advantageous

and beneficial for the infant, and, therefore, he should make no scruple of breaking into the principal, where so small a sum was devised, that the interest thereof would not suffice to give the legatee a competent maintenance and education. But in case of a legacy of 1000*l.* or the like, there it might be reasonable to restrain the maintenance to the interest of the money." So, also, in *Harvey* v. *Harvey,* (2 *P. Wms.* 21.) the same practice was pursued, and the Master of the Rolls declared, that where a legacy was given to an infant, payable at twenty-one, without any devise over, and the infant has nothing else to subsist on, the court " will order part of this legacy, in order to provide bread for the infant, to be paid presently, allowing interest for the same, to the person paying it, out of the remaining principal."

But notwithstanding the doctrine of these cases, the Master of the Rolls, in the modern case of *Walker* v. *Wetherell,* (6 *Ves.* 473.) would not only not allow trustees, of their own authority, to impair the capital of the infant's estate, but said, that it had very rarely occurred, that the *Court itself* had broken in upon the capital, for the mere purpose of maintenance, though it frequently had done it for the purpose of advancement, or setting up the child in life. " As to mere maintenance,," he said, " I doubt it, even upon a petition presented. It is a great misfortune, if the capital is so small as not to leave a comfortable maintenance and education; but what can the Court do?" The answer to be given to these doubts of the Master of the Rolls, is, that an allowance of this kind is within the powers, and under the discretion, of the Court, and may, in many cases, be as fitly and properly made for maintenance and education, as for an advancement. It may be much more so ; for an advancement might not be of much use to a child that had been brought up in poverty and ignorance. The capital coming to each child, in this case, at the uncertain, and probably distant, period of its mother's death, would not much

If the sum devised be small, the principal may be applied; otherwise, the interest only.

exceed 600 dollars, and the necessity of immediate relief to the petitioner, for and on behalf of her children, is palpable and pressing. The doctrine of Lord Keeper *North* is reasonable, and applicable to the case, and I am disposed, in this instance, to follow it. The cases of *Cavendish* v. *Mercer*, and of *Greenwell* v. *Greenwell*, (5 *Ves*. 194 and 195, *note*,) are strongly in favour of such an allowance, and they rested on the same principle. There were bequests, in those cases, to grandchildren, payable at twenty-one, and *the interest to accumulate and be paid with the capital;* yet, the necessity of the cases requiring it, a maintenance was ordered out of the fund, taking the consent of the persons entitled over, in the event of the childrens' death. This was done from the reason and necessity of the case, though Lord *Rosslyn* observed, in one of those cases, " I fear, if I should make the decree, it would be my will, and not the testator's."

*A parent may be allowed out of the infant's estate for past maintenance.* The petitioner, also, asks for reimbursement for the past maintenance of her children, or for the discharge of debts which she has of necessity incurred for that purpose. Such an allowance is, also, within the rules and practice of the Court. Lord *Thurlow*, in *Hill* v. *Chapman*, (2 *Bro*. 231.) and *Andrews* v. *Partington*, (3 *Bro*. 60.) held, that no allowance could be made to a parent for the past maintenance of an infant. But, afterwards, in *Reeves* v. *Bryman*, (6 *Ves*. 425.) and in *Sherwood* v. *Smith*, (6 *Ves*. 454.) Lord *Eldon* approved of the alteration in this old practice, by Lord *Rosslyn*, and he allowed a father to be reimbursed for the past maintenance of a child. Lord *Thurlow* was said to have changed his first opinion on this point; and Lord *Alvanley* frequently made a retrospective allowance for maintenance, and the practice afterwards grew familiar. (*Sisson* v. *Shaw*, 9 *Ves*. 285. *Chambers* v. *Goldwin*, 11 *Ves*. 1. *Maberly* v. *Turton*, 14 *Ves*. 499.) The old rule, as it was first laid down by Lord *Thurlow*, would lead to great inconvenience, for though the wants of the infant

might be ever so pressing, he could not receive any main-
tenance (charity excepted) without the expense of a suit, and
reference to a Master

There must be a reference in this case. I might, indeed, say with Lord *Rosslyn*, in *Greenwell* v. *Greenwell*, " that I think myself sufficiently warranted to order a suitable allowance for maintenance, without a reference," yet the extent of that allowance, and the disposition of the fund, so as to meet it, and the other means of support (if any) of the petitioner, and the items of her charge for past maintenance, are proper subjects of reference.

I shall, therefore, order and direct, that the executors pay to the petitioner, within twenty days after service of notice of this order, two hundred dollars out of the fund set apart for her and her children, towards the maintenance and education of her children, and for which the executors shall have the requisite allowance in their accounts ; and that it be referred to a Master to inquire and report what yearly sum, under all the circumstances of this case, would be a proper allowance for the petitioner and her children, and what disposition ought to be made of the fund, so as to meet it, and also to examine and report on, the justness and truth of the charges for past maintenance, &c.

Order accordingly.