Cain Hoots, Appellant, *v.* Serena Graham, Appellee.

### APPEAL FROM WASHINGTON.

Until assignment, the right of dower is inchoate, and is not the subject matter of sale or transfer. The only use the widow can make of her dower interest is to release it to the owner of the fee, until it shall have been set apart to her.

Until dower has been assigned, a dowress does not acquire a right of entry.

Neither a trespasser nor person in possession as a wrong doer, can recover against the owner of the fee with right of possession.

Wild, unimproved lands, do not come within the provision of the 27th section of the 34th chapter of the Revised Statutes, title Dower.

This was an action of trespass for damages to real estate, commenced before a justice of the peace by said Graham against Hoots.

William Weaver died seized of North-East of North-West Sec. 15, Town. 2 South, Range 4 West, 3rd P. M., unimproved land ; had never lived on it, but lived at time of his death about two miles therefrom on public land, and left said Serena, his widow, and some children. Said Serena, after the death of said Weaver, built on said land a cabin worth ten or fifteen dollars, and lived thereon some time, and then removed to Ashley, leaving some furniture in said house, authorizing one Weaver to have said cabin used as a school-house. Some stools of Serena's were in said cabin ; when there was no school, said agent nailed up the door. Whilst said Serena lived at Ashley she petitioned for partition, and by order of the Circuit Court of said county in partition, said land was sold, and at the sale was purchased

by James Hoots, son of appellant. After said sale, said Serena came back into the neighborhood of said land, and went one day to said cabin, and was fixing it, when said Cain Hoots came on behalf of said James Hoots, and by his leave and approbation ordered said Serena away, and kicked the door open, and pulled out a couple of logs, and so caused said Serena to leave. Quite a number of saplings were cut on said land, and Cain Hoots was seen cutting some of them, and did cut some by leave of his said son, and other persons cut some. Some witness stated that all the damage to house, and cutting saplings, would amount to $25, but could not say Cain Hoots did all the cutting. Another witness stated that he examined the house after the logs were pulled out, and that he could have put them back for $2, as good as ever, and saw nothing wrong with the door. Court below excluded all evidence of the ownership of said land by James Hoots, aforesaid, and all evidence of Cain Hoots doing, as above set forth, on behalf of and by leave of said James Hoots. Jury found defendant guilty, and assessed damages at $25. Motion for new trial overruled; bill of exceptions filed, and case brought by appeal to this court. Cause heard before O'MELVENY, Judge.

P. E. HOSMER, for Appellant.

A. WATTS, for Appellee.

WALKER, J. It appears, from the evidence, that one William Weaver died seized of the premises upon which the alleged trespass was committed; that these premises were unimproved during his lifetime. That he left appellee his widow. That she, with her own means, improved the premises after his death; and took possession and occupied them for a time, and then removed to another place, and was about returning again to occupy them, when appellant ordered her to leave the place, and pulled a couple of logs out of the house. After she left the place to reside upon another, the house was, with her permission, occupied as a school-house, and after it ceased to be so occupied, her agent fastened the door with nails, and it also appeared that her dower had never been assigned. The evidence also showed that appellant had cut some saplings upon the land. He also offered to prove, by the petition, the record and decree of the Circuit Court, and a conveyance executed to him by the commissioner appointed by the decree, to make sale, on a proceeding for partition; that he was the owner of the premises in fee, at the time of the commission of the acts complained of, as a trespass. But the court rejected this evidence, and the jury found

Hoots *v.* Graham.

a verdict for twenty-five dollars in favor of appellee.   Thereupon appellant entered a motion for a new trial, which was overruled, and judgment was rendered upon the verdict, from which he prosecutes an appeal to this court.

The first question which we propose to consider is, whether the right of dower of respondent, in these premises, and which had never been allotted to her, gave the widow the right, as against the owner of the fee, to use and occupy the premises as her own.   The doctrine seems to be well and almost uniformly settled, that until assignment, the widow's dower is merely inchoate.   It is not the subject matter of sale and transfer until it is allotted.   Although she may release the right to the owner of the fee, she can make no other disposition of it until set apart to, or admeasured to her.   It is a personal right, that lies only in action, and not in grant, before it is assigned to her.   It is said that the situation of a dowress, after the death of her husband, and before assignment, is very peculiar.   Although, by that event, the *title of dower* becomes consummated, the *title of entry* does not accrue until the ministerial act of assigning to her a third part in certainty, has been performed by the proper persons.   " In the meantime, her situation is an anomalous case in the law of England, standing on its own peculiar circumstances, and neither borrowing nor affording any analogies. It is probably the only existing case in which a title, though complete and unopposed by any adverse right of possession, does not confer on the person in whom it is vested, the right of reducing it to possession by entry.   The situation of a dowress has no resemblance to that of a person who has become entitled to a particular estate by way of remainder or springing use; she has no seizin in law, nor can she exercise any act of owner ship before assignment."   Park on Dower, 334.   The same author informs us that her title to be endowed is not of an undivided third of the entirety, but of a third in severalty, which is unascertained till assigned; it, therefore, bears no analogy to the case of coparceners, or to other persons becoming entitled to undivided interests.   He also informs us that a dowress can never be remitted to her dower, previous to actual assignment. And that, although the title to dower becomes consummate on the death of the husband, yet, until actual assignment, that title affords no impediment to the validity of a recovery, nor is it to be considered, for any other purpose, an outstanding estate of freehold.

From this doctrine, and it is the common law, until the appellee had her dower actually assigned, she had no right of entry into these premises.   And it has been said that the entry of the widow, upon the death of her husband, without assignment,

was to be treated as an abatement, and a dowress in, under a void assignment, may be treated as a disseizor. Park on Dower, 336. If, then, such an act is a violation of the right of the heir, and her entry upon the land, before assignment, was an abatement, we are at a loss to perceive how she could thereby acquire the right to recover against him or his assigns as trespassers. No case has been referred to, and it is believed that none exists, which holds that a trespasser, or a person in possession, as a wrong doer, can recover against the owner of the fee, with right of possession. Such a rule would be an end to the enjoyment of property, and its protection by judicial determination. It would be to hold that actual possession, however acquired, was paramount title. The appellee, then, had no right, by the rules of the common law, to hold the possession, or to recover, on that possession, against the heirs, or their grantee, or person succeeding to their title.

But her right to hold this land until her dower is assigned is placed upon the 27th sec. of the 34th chap. R. S. p. 202. That section authorizes the widow to retain the dwelling-house in which her husband most usually resided next before his death, together with the outhouses and plantations thereto belonging, free from molestation and rent until her dower shall be assigned. The property in this case is not the kind embraced in this section. It had on it no dwelling-house in which her husband ever resided, nor was it any portion of the plantation upon which her husband resided. It was some three miles distant, was unimproved, and does not appear to have been in any manner, or for any purpose connected with the residence of the husband. It was vacant, wild, unimproved land, and by no known rule of interpretation can we hold that such land is embraced within its provisions. When the legislature describe one kind of property, it will be understood that it was intended to exclude all other property not embraced in the description. If vacant, unimproved land had been intended to have been embraced, it seems clear the legislature would have specified it, or used language sufficiently comprehensive to embrace it.

The evidence fails to show that she entered under a lease from the heirs, but that appellant had purchased the fee, subject to her right of dower. For these reasons we are of the opinion that the court below erred in refusing to permit appellant to show title in fee, to justify the acts complained of as being trespasses. If the widow expended her own means in improving this land before her dower was assigned, she must, to enjoy that right, prosecute her claim for dower, and rely upon having those improvements embraced in the portion of the land allotted to her as her third part thereof. If she has expended her

money before she was authorized by law to do so, it is her misfortune, which cannot invest her with the right to recover for injury done to the premises by the owner.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*