IN THE MATTER OF EDWARD J. MULLER AND OTHERS.

*Legacy — when the court will direct a portion of the principal thereof to be applied to the support of minors.*

One Anna Muller directed her executors to invest the sum of $6,000 and pay the income thereof to her son Joseph during the term of his natural life, and upon his death to divide the principal among his children in equal shares, the issue of any deceased child to take the share its parent would have been entitled to if living. The son Joseph individually, and as the next friend of his children, applied to have a portion of the principal of the legacy paid to his children

In his affidavit he stated that he was a house painter by trade and could ordinarily earn two dollars or three dollars a day; that in September, 1881, he was seized with an attack of malarial intermittent fever, which still continued and which rendered him wholly unable to provide for his family; that his wife had been and was similarly affected; that one of his children had been placed in a juvenile asylum and the others were suffering from the same illness which affected him and his wife; that he had been turned out of his house for non-payment of rent; that he subsisted only by charity and upon credit.

*Held*, that this application should be granted. (Daniels, J., dissenting.)

Appeal from an order denying an application made for the payment of a portion of the legacy directed to be paid by the will of Anna Muller.

The petitioner had four children, the eldest being at the date of the petition eleven years of age and the youngest three years.

*Daniel T. Robertson*, for the petitioners, appellants.

*George H. Yeaman*, for the executors, respondents.

Brady, J.:

This application, as stated in the opinion of my brother Daniels, is for the payment of a portion of the principal of a legacy of $6,000, which was to be invested and the income paid to the petitioner during his life, and after his death to be divided among his children in equal shares, the issue of any deceased child to take the share its parents would have taken if then living.

The father applied upon the ground that, through divers mishaps and misfortunes, he has for a year past been wholly unable to provide for himself and family; that he is a house painter by trade, and if well, could earn in ordinary times from two to three dollars a day in good seasons; that in September, 1881, he was seized with an attack of malarial intermittent fever which unfitted him for work, and which continued to the time of signing the petition, rendering him wholly unable to provide for his family; and further, that his wife was similarly affected and had been sick and unable to provide for the family for the last seven months; that one of his children became unruly and was placed in the juvenile asylum where he now is; that the other children have been seized with the complaint affecting himself and his wife, from two to between five and seven months at a time, during the year last past, and that the

whole family have been supported from time to time by the charity of divers friends and upon the credit of the petitioner in the hope that he might regain his health and repay them hereafter; that on the 15th of August, 1882, he was dispossessed from his home for the non-payment of rent, and that he was unable at the time of signing his petition to pay his rent then due, amounting to sixteen dollars, without assistance from friends or upon credit. And he further states that his credit is exhausted and, with the exception of the fund mentioned, neither he nor his children have any property or estate of any kind, except a small amount of household furniture, not exceeding in value $100, and some clothing for himself and his wife; that he owes to divers persons about $500, which has been borrowed for the support and maintenance of his family, exclusive of doctors' bills, and that his wife and children are destitute of all means of support unless the legacy mentioned be apportioned and divided.

The application is made on behalf of all the children by their next friend, the father, and by him individually. The answer of the executors is simply to the effect that they have paid the interest on the $6,000 mentioned whenever the estate has produced any income. There is no denial of any of the facts alleged on behalf of the petitioner from any source.

The power of this court to make an appropriation of the legacy undoubtedly exists, as shown by Justice Daniels and from the cases cited by him. It is true, as suggested by him, that this is never done unless a case of extreme urgency is established by the papers. Such a case seems to be established by these papers, for, assuming the petitioner's statement to be true, it is quite clear that he has not the means to sustain his children; that he is disabled from working; that his wife is also disabled from working by illness, and that for some time past he has been living substantially upon charity, his friends having assisted him, and upon a certain amount of credit, which is exhausted. There is no evidence, as already suggested, to gainsay this statement of the extremity to which the petitioner is reduced, and therefore a case is made out which is clearly within the rule stated. The emergency exists and there ought to be an appropriation made of a portion of the fund to relieve his present distress.

We should hesitate very much to interfere with the legacy if there was any doubt about the statement made by the petitioner on his own behalf and on behalf of his family. But we see no reason to doubt it, and there is nothing before us to justify the suspicion that the statement is not honestly and truly made in all respects. In consideration of the whole subject it is thought proper to direct an appropriation of $600, to be paid to the petitioner by the executors in the following manner: One hundred dollars upon the entry and presentation of this order, or as soon as the money can be obtained by the executors, and thereafter fifty dollars a month, the payment continuing until the sum named is exhausted, unless in the meantime the petitioner recovered his health and is able to work. In which case, on presentation of the fact to the court by the executors on behalf of the infants, a further order may be made in the premises modifying the order hereby authorized.

Davis, P. J., concurred.

Daniels, J. (dissenting):

By the terms of the will the testatrix directed her executors to safely invest the sum of $6,000 during the lifetime of her oldest son, Marc Joseph Emile Muller, to pay him the income thereof, and after his death to divide the principal among his children in equal shares, the issue of any deceased child to take the share its parent would have taken if then living.

The father of these children has now petitioned the court for the payment of a portion of the principal of this legacy to him, to be used in support of the children to whom it has been in terms given.

In support of the application he has stated in his petition that he has been disabled by illness from following his ordinary occupation, and for that reason has not been able to support and maintain his family, and that his wife has also suffered from the same character of illness. The statements made upon this subject are of a very general nature and verified only in the same manner, and the additional affidavits produced are still more general in their nature.

The court is required to proceed with very great caution in diverting a fund of this nature, or any part of it, from the purpose to which the testatrix has expressly devoted it. It has power, where the emergency may be great, to proceed in this manner, but that

is never permitted to be done unless a case of extreme urgency is established by the papers. (*Matter of Bostwick,* 4 Johns. Ch., 100; *Matter of Kane,* 2 Barb. Ch., 375). This case has not been so sustained by the proofs presented in support of the application.

It further appears that the legacy has been invested on bond and mortgage by the executors at five per cent interest, producing a fund of $300 per year, which is now paid over to the father of these children; and that sum, together with what he probably may be able to earn by the restoration of his health, will be sufficient, with the observance of economy, to meet the wants of his family.

Under these circumstances the court should not interfere, when by its action it will break up the scheme of the will of the testatrix and substantially give a direction different from that which she deemed proper for the disposition of this legacy.

The order should be affirmed, without costs.

Order modified as directed in opinion of BRADY, J.