NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—July, 1885.

NORTON *v.* SILLCOCKS.

*In the matter of the estate of* FRANCES S. NORTON, *deceased.*

A petition, by the father and general guardian of an infant, whose estate consists exclusively of a provision contained in the will of a mother,

praying for the exercise, by a Surrogate, of the power, granted by Code Civ. Pro., § 2846, to direct the application of the infant's income to his support and education, should show the amount of net annual income likely to be earned by such testamentary provision, the station in life and accustomed style of living of the decedent's family, and the inability of the father to furnish the necessary means for the purposes mentioned.

PETITION by Thomas Norton, father and general guardian of Jane E. Norton, an infant *cestui que trust* under decedent's will, for an order directing the application, by Valentine Sillcocks, executor therein named, of the income of the infant's interest thereunder to her support and education. The facts appear sufficiently in the opinion.

P. VAN ALSTINE, *for petitioner.*

JONATHAN MARSHALL, *for executor.*

THE SURROGATE.—This is a petition by the father and general guardian of Jane E. Norton, an infant eleven years of age, for an order directing the application of the income of her estate for her support and education. That estate consists solely of real and personal property devised and bequeathed to her by the will of her mother, lately admitted to probate in this court. Of the Surrogate's authority, under § 2846 of the Code of Civil Procedure, to make an order such as the petitioner here asks, there can be no doubt. But in ascertaining what sum, if any, may justly be applied for the infant's benefit, it is proper that I should be advised of certain facts that are not fully disclosed by the petition and answer now before me.

The parties are not agreed as to the amount of net

annual income that the provision for the infant is likely to earn. The station in life and style of living to which the family of the deceased have been accustomed are not disclosed. Nothing definite is shown, as to the circumstances of the petitioner, though the ability or inability of a father to provide for the support and maintenance of an infant child is an important subject of consideration, in determining how far he should be allowed to resort, for such support and maintenance, to the property of the infant himself (Matter of Kane, 2 *Barb. Ch.*, 375; Andrews v. Partington, 3 *Brown, C. C.*, 60; Buckworth v. Buckworth, 1 *Cox Eq. Cas.*, 80; Holtzman v. Castleman, 2 *McArthur*, 555; Tompkins v. Tompkins, 18 *N. J. Eq.*, 393; McKnight's Exr's v. Walsh, 23 *N. J. Eq.*, 136; Harring v. Coles, 2 *Bradf.*, 353; Voessing v. Voessing, 4 *Redf.*, 364; Brown v. Casamajor, 4 *Ves. Jr.*, 498; Matter of Burke, 4 *Sandf. Ch.*, 617, and cases cited in note).

I must order a reference, for the taking of testimony upon these matters. The referee will accompany his report with an opinion, indicating the sum that, in his judgment, should be fixed as an allowance out of the infant's estate, for her support and education.