## C. C. BEDFORD ET AL.
### v.
## LETTIE L. BEDFORD, ADMINISTRATRIX.

32  455
136s  354

*Administration—Claim—Equitable Jurisdiction—Dower—Failure to Demand—Support of Minors by Father—Contribution from Children's Estate—Propositions of Law—Unreasonable Number of.*

1. A surviving husband, when dower has not been demanded by him, nor set off to him, can not hold one-third of the rents and profits of his deceased wife's lands as against the minor heirs.

2. It is the duty of a father, if his means are sufficient, to maintain and educate his children during their minority according to their station, even though the children have separate estates; and the burden is on him to show the necessity of contribution from the children's estates. The circumstances of father and children are to be considered in deciding what, if any, contributions should be made.

3. In the case presented, this court holds that the County Court, in allowing a claim against the estate of claimants' father for the use by him of land left by the deceased mother, and in passing upon counter-claims thereto, had equitable jurisdiction.

[Opinion filed February 14, 1890.]

IN ERROR to the Circuit Court of Piatt County; the Hon. C. B. SMITH, Judge, presiding.

Mr. C. F. MANSFIELD, for plaintiffs in error.

The claim for a reasonable rent for the use and occupation of the minor children's land, by their father, Stephen G. Bedford, is an equitable claim, and within the jurisdiction of the Probate Courts. Dormer v. Fortescue, 3 Atk. 129; Carey v. Burtie, 2 Vern. 342; Perry v. Carmichael, 95 Ill. 519; Strawn v. Strawn, 50 Ill. 263.

The estate of a deceased husband, in the settlement of a claim against his estate, should not be credited with one-third of the rents and profits of his former deceased wife's lands as against minor heirs, when he had made no demand for dower, or where the same was never assigned to him. Blain v. Har-

rison, 11 Ill. 386; Summers v. Babb, 13 Ill. 484; Hoots v. Graham, 23 Ill. 81; Reynolds v. McCurry, 100 Ill. 360; see also R. S., Chap. 41, Secs. 18, 19; Barr v. Peterson, 44 Ill. 259 and 260; Cool v. Jackman, 13 Ill. App. 564; Atkin v. Merrill, 39 Ill. 77–8.

Where a surviving husband did not make a demand for and dower was not set off or assigned to him, in his deceased wife's lands, and after her death he improved the same, she dying intestate, he can not, as against the heirs, recover compensation for improvements placed on the land by him after her death, nor can his estate be credited therewith in a claim by the heir against the estate. Hoots v. Graham, 23 Ill. 83; Wheeler v. Dawson, 63 Ill. 54, 56; Gardner v. Watson, 18 Ill. App. 386, 389; Donnelly v. Thieben, 9 Ill. App. 495, 499.

The father is natural guardian, but has no control of estate of minor. Perry v. Carmichael, 95 Ill. 530; Hunt v. Thompson, 3 Scam. 179, 180.

The father can not charge his minor children with their care and support when he has property of his own, without evidence showing that the interest and welfare of the children demand the appropriation of their property for their support. Gilley v. Gilley, (Me.) 9 A. 623; Fuller v. Fuller, (Fla.) 2 So. 426; Newport v. Cook, 2 Ashm. (Pa.) 332; Clark v. Montgomery, 23 Barb. 464; McGee v. McGee, 91 Ill. 549; Parmelee v. Smith, 21 Ill. 623; Mowbry v. Mowbry, 64 Ill. 383; Brush v. Blanchard, 18 Ill. 46, 47.

Messrs. S. R. REED and H. H. CREA, for defendant in error.

CONGER, J. This action is based on a claim filed in the name of C. C. Bedford and Walter Bedford, minors, by their guardian, B. F. Bedford, against Lettie L. Bedford, administratrix of Stephen G. Bedford, deceased, to recover for money received by the deceased in the use of the land of the minors after the death of their mother.

Amanda Bedford, wife of Stephen G. Bedford, died June 5, 1883, leaving said minors, her only children, and Stephen G. Bed-

ford, her husband, surviving, he being father of said minor children.   She owned ninety acres of land lying immediately west of the ninety acres owned by her surviving husband shown on the plat.   They lived on the land of the husband, and used both tracts of land, without making any distinction as to ownership, up to the time of the death of the mother.

After the death of the mother the husband continued till his death, to use both his own and the land of his deceased wife, the same as he had done before her death.   Stephen G. Bedford married a second time, March 1, 1885, and died in March, 1888, leaving Lettie L. Bedford his widow.   B. F. Bedford was appointed guardian of the said minors after the death of the father, they not having any legally appointed guardian before such appointment.   No proceedings were ever had to assign dower to Stephen G. Bedford in the lands of his deceased wife.

Taxes paid by Stephen G. Bedford on the lands of his deceased wife for the years of 1883, 1884, 1885, 1886 and 1887, amount to $158.85, and in the same time he built fences on the land, costing him $103.40, and put in the tile, amounting to $93.61, which he paid.   Said Stephen G. Bedford from the date of the death of his wife Amanda to his own death, cared for and supported the said minors out of the proceeds of his own and wife Amanda's lands, at his house or home provided for them.   The said minors have not received compensation for use of said lands as direct payment, aside of any claim or credit that the estate may be entitled to for such care and support of said minors.   Reasonable rent for the land is $3 per acre per annum.   If the father may charge for the care and support of the minors out of the proceeds of their lands, then $2 per week for each child would be a reasonable charge for such support.   There is a plat attached showing the land of Amanda and of Stephen G. Bedford. The Circuit Court on the trial of the case rendered judgment against the estate for $151.85 in favor of claimants.

They prosecute the writ of error.   It appears from the statement of fact, that the judgment of the Circuit Court was based upon the theory of allowing rents for the period of five

years, deducting therefrom board at $4 per week for the
entire five years and the taxes paid, but making no allowance
on the one hand for interest on the yearly balances, or for the
tiling and fencing put upon the land of the children. The
result reached, is, we think, equitable and fair if the court
properly held the law upon the two principal questions in-
volved.

They are, first, can a surviving husband, when his dower
has not been demanded by him, or set off or assigned to him
in his deceased wife's lands, hold one-third the rents and profits
thereof as against the minor heirs. We think the court
below held correctly, under the circumstances of this case, that
the husband's estate was answerable to the children for the
rents of the entire land upon the authority of Cool v. Jack-
man, 13 Ill. App. 564; Blain v. Harrison, 11 Ill. 386; Sum-
mers v. Babb, 13 Ill. 484; Hoots v. Graham, 23 Ill. 81;
Reynolds v. McCury, 100 Ill. 360.

Second. Was it equitable that the estate of Stephen G.
Bedford should be allowed credit for the care and support of
his minor children, as against this claim? The court below
held in the affirmative, and we think correctly. The rule in
such case is well stated in Fuller v. Fuller (Fla.), 2 Southern
Reporter 426, in the following language: " It is the duty of
the father, if he can, to maintain and educate his child accord-
ing to her condition and expectations during the latter's
minority, even though she have an estate; but if his means
are insufficient, chancery will order an allowance out of her
estate for her entire support, or to supplement the father's
contribution thereto, according to the circumstances of each
case. The child's fortune, and the circumstances of the
father, will be considered in deciding what, if any, allowance
should be made out of her estate. The burden is upon the
father to show the *necessity* for contribution from her estate,
and he will be charged with her support during such periods
as he does not clearly show the necessity for such contri-
bution." See also, the matter of Bostwick, 4 Johns. Ch. 104;
Wilkes v. Rodgers, 6 Johns. 566; Schouler, Dom. Rel., Sec.
238, 323; Trimble v. Todd, 2 Tenn. Ch. 502.

Bedford v. Bedford.

The County Court, in allowing this claim against the estate, and in passing upon counter-claims and set-offs thereto, had an equitable jurisdiction, so as to make the amount allowed fair and equitable to both parties to the contest.    Moore v. Rodgers, 19 Ill. 347; Dixon v. Buell, 21 Ill. 203.

The claimants inherited ninety acres of land, the rented value of which is stipulated to be $3 per acre, while their father owned the same quantity of land adjoining upon which he lived, and from the proceeds of both tracts, supported claimants, himself and his second wife.    The law gave him the right to one-third of the rents of claimants' land, being $90 per annum, as dower in his deceased wife's land, had he taken steps to demand it, or have it legally assigned.    Not having done this, he lost his legal claim to such portion of the rents.

The stipulation does not show the rental value of the father's ninety acres, but assuming it to have been the same as the others, the total income of the father would have been $540 per annum.    Under these circumstances we are of the opinion that it was within the equitable powers of the County Court, or, as in this case, the Circuit Court on appeal, to reduce claimants' allowance against their father's estate by the amount allowed for their care and support, and also the taxes paid on the land.

There were *fifty* propositions of law submitted to the court, some of which were held and others refused.    This was an imposition upon the trial court, and the court might well refuse to pass upon such a mass of propositions.    Whether the court held correctly we shall not undertake to determine, as we are satisfied that the law was properly applied to the facts and a just and equitable decision reached, and it will therefore be affirmed.

*Judgment affirmed.*