(34 Misc. Rep. 683.)

JOHNSON v. WEIR et al.

(Supreme Court, Special Term, Clinton County. May, 1901.)

1. EXECUTOR—OVERPAYMENTS TO LEGATEE.

A will empowered an executor to use the income of the real estate for the support of an infant, who took as legatee an undivided half of the realty. He made payments in behalf of the infant in excess of such income. *Held*, that on partition of the real estate he could not procure reimbursements, though his accounts for her support had been settled by the surrogate, and showed a balance in his favor.

2. SAME—RECOVERY.

A surrogate cannot make a decree in favor of an executor for overpayment to a legatee.

Action by Martha Ann Johnson against Alexander Weir and others. Judgment for plaintiff.

Wheeler & Woodward, for plaintiff.
Shedden & Vert, for defendant Alexander Weir.

RUSSELL, J. I cannot hold in favor of the contention of the executor. He took possession of the personal property and the real estate of the testatrix. He was empowered by the will to use the rents and income of the real estate for the support of the infant Martha Ann Johnson, who took as legatee the personal property and an undivided half of the realty, in which this executor had the personal interest of the other undivided half. He had no power to eat up a large part of the share of the infant in the real estate for her alleged support and maintenance, nor does the decree of the surrogate, on his final settlement of accounts, in which she was nominally represented by a guardian ad litem pro hac vice, establish the binding validity of a balance of payments by the executor over and above the receipts of income which should be a charge upon the realty devised to the child. She was helpless to control or regulate the amount he should charge or expend for her maintenance, and had the undoubted right to rely upon his not acting as her trustee in the receipt and expenditure of the income devoted to her support of an estate managed by himself, and at the same time currently create himself, without her legal participation, into a creditor for the amount he should voluntarily expend or charge, so as to deprive her of a substantial part of the value of the property devoted by the will to her support and maintenance. Even if the plaintiff had not been an infant, the decree of the surrogate would not be a lien upon the real estate. Bennett v. Crain, 41 Hun, 183; Sharpe v. Freeman, 45 N. Y. 802; Platt v. Platt, 105 N. Y. 488, 12 N. E. 22. Nor can the surrogate make a decree in favor of the executor for overpayment to a legatee. In re Underhill, 117 N. Y. 471, 22 N. E. 1120; In re Hodgman's Estate, 140 N. Y. 421, 35 N. E. 660; Lang v. Stringer's Estate, 144 N. Y. 275, 39 N. E. 363. The plaintiff may have judgment for partition and sale, with costs payable out of the proceeds of sale, except that the costs for proceedings, after notice of trial and the trial fee, shall be charged upon the share of the defendant Alexander Weir.

Ordered accordingly.