(36 Misc. Rep. 737.)

### JOHNSON v. WEIR et al.

(Supreme Court, Special Term, St. Lawrence County. January, 1902.)

**1. EXECUTOR—OVERPAYMENTS—RECOVERY.**

    A will devised real estate to an executor and an infant, and empowered the executor to use the rents and profits for the support of the infant. *Held*, that the executor could not lawfully exceed the same, and, if he did, he could not after his discharge as executor procure a direction, in an action by the infant for partition, that enough of the proceeds to pay his claim against her for her support be paid into the surrogate's court, the time having elapsed within which a distribution of the proceeds would be stayed in the interest of creditors, and the surrogate's decree not having been opened.

**2. PARTITION—COSTS.**

    Where in partition no issue had been tried on the merits, a decision as to costs need not be postponed until final judgment.

Action by Martha A. Johnson against Alexander Weir and others. Motion to confirm referee's report of sale in an action of partition and for a final judgment of distribution. Granted.

S. L. Wheeler, for plaintiff.

Shedden & Vert, for defendant Alexander Weir.

RUSSELL, J. The motion to confirm the referee's report of sale and for final judgment of distribution is the sequel to the proceedings subsequent to trial and interlocutory judgment in partition. By that judgment the court denied the claim of the defendant Weir to carve out of the proceeds of sale the amount of

a claim made against the plaintiff, when an infant, for overpayment by him as trustee for her support and maintenance beyond the use of the realty charged with her support. That realty was devised by the will, which made the defendant Weir executor, to the infant plaintiff and Weir as tenants in common. The executor applied to the surrogate of Clinton county for a final settlement of his accounts, the infant plaintiff being represented by a guardian ad litem for that purpose, and on that proceeding the surrogate passed the accounts of the executor, released him from his obligations as executor, and awarded an affirmative decree in his favor for the excess of payments for the benefit of the infant, and also upon a claim of $300 against the testatrix which the executor had paid. 34 Misc. Rep. 683, 70 N. Y. Supp. 1020. The counsel for the executor now claims that, although the original position that this decree of the surrogate constituted a lien, legal or equitable, upon the real estate, and should be charged upon the infant's share, leaving her only a distribution of the balance, was incorrect, yet now, after the sale and the bringing of the proceeds into court, the final judgment should direct a payment of sufficient into the surrogate's court to satisfy the executor's claim, leaving it to that court, which has once determined the validity of the claim in the executor's favor, to direct the payment of the amount. Reference is made to section 2846 of the Code of Civil Procedure, which gives to the surrogate power to direct the application, upon proper petition, of the income, or, where that is inadequate, a part of the principal of the infant's property to the support and education of such infant. Various cases are also cited by counsel, beginning with In re Bostwick, 4 Johns. Ch. 100, to justify the conclusion that it is not necessary to make a petition in advance, so that the surrogate upon proper consideration may determine for the future how much of the principal shall be expended, but that the executor or trustee may proceed to spend what, in his judgment, is essential, and thereafter obtain a confirmation in a proceeding against the infant, while she is still non sui juris, which shall bind her in the amount of such advancements that were made without the authority of any court. I have no doubt but that where a father or a mother is duly created a guardian, or any person is charged by will or decree of court with the custody of the person of a minor absolutely, or with the qualified discretion to care for the infant's needs, in proper case courts may award him compensation for distribution of parts of the capital of the infant made in the exigencies of daily living for necessary purposes. But I find no authoritative precedent for the assumption of power by the courts to dispose of the infant's property by its payment to an executor or trustee of the estate who, as to the realty, is limited by the devising direction of the testatrix to an authority only to apply the income of that real estate for the purpose named, and whose legal right does not extend to the charge of any lien or claim upon that realty. The establishment of a claim here in favor of the executor would give to him a power or right never devised by the executrix, but grafted upon the authority he

received from the will by the power of a court simply, and not by the disposing mind of a testatrix who expressed the limit of authority given him. If there was actual necessity for supplying the infant's needs for education or support it would have been far better to have proceeded to a sale or mortgage of her interest in the manner provided by law; and if a valid claim against the testatrix, which could have been enforced against her realty, existed, the obvious and proper method for an executor, who takes the personalty alone, was to require the proceedings provided for by law, and wisely designed to accomplish the purpose intended, to be followed as the law provides. The accounts of the executor having been closed in the surrogate's court, and no reopening of the final decree of that court passing upon the matters confided to it by the executor's accounting being had, the time having elapsed within which a distribution of proceeds realized from the partition action is stayed by the provisions of law for the benefit of creditors of the estate, this court has only, in the discharge of its duty in the present proceeding, to pass over to the parties the proceeds held for their benefit.

Nor do I agree with the counsel for the defendant executor that the court had not the power upon the trial to pass upon the question of costs. It is very proper, in the usual partition action, where no issue is raised requiring a trial, to wait for a final judgment and the ascertainment of the amount of proceeds of sale before determining what costs or allowances shall be granted. But where an issue in an equity action is raised, which comes before the court on a trial upon the merits, the extent of the entire relief which that issue presents is placed within the action of that trial court. One of its duties, in the exercise of a sound discretion, is to decide whether the burden of the litigation invoked by the unsuccessful party should be borne by him in view of the conduct of the trial and the issues presented, and it would be anomalous to transfer from that trial court, which best knows the merits, to another which could not have the proceedings of the trial before it, to say to whom the relief as to the matter of costs should be granted. Still this may not be a very material consideration, as the court before which this motion is made coincides with the disposition directed upon the trial as to the matter of costs, and that direction is followed, except so far as plaintiff's counsel voluntarily modifies the same in the form of judgment presented.

The real merits of the claim of the executor have not been passed upon in this action, so far as the issue lies directly between the executor and the infant. Therefore the final judgment will be without prejudice to any proper action that the executor, under the advice of the counsel, may think it wise to institute against her as a personal charge. And as the counsel for the executor, with characteristic and not criticisable zeal, urges his wish to review any unfavorable determination, let the distribution of proceeds be stayed for 90 days, provided an appeal be taken within the time allowed for that purpose.

Ordered accordingly.