KENDALL v. KENDALL.

A parent having possession of a fund given to him by will in trust for his infant child, and of sufficient ability to maintain and educate the child, may be allowed a reasonable sum for its support and education, respect being had to the circumstances of the case and the relative estates of the parent and child.

The suit for the recovery of a trust fund by the beneficiary must be by bill in equity.

ASSUMPSIT, for a legacy given to the defendant in trust for his daughter, the plaintiff. The legacy was given and the will approved when the plaintiff was a young child. She is now twenty-three years of age, and had no knowledge of the legacy until about a year prior to the suit. The defendant claims that no recovery can be had except by proceedings in probate court or by bill in equity, and that he has expended more than the amount of the legacy in the support and education of the plaintiff, which ought to be allowed in defence. The defendant was never appointed guardian of the plaintiff, and was of sufficient ability to support and educate her.

*Leach & Stevens*, for the plaintiff.

*Barnard & Barnard* and *Rolfe*, for the defendant.

ALLEN, J. The defendant was never appointed guardian of the plaintiff, and the natural guardianship, which existed by reason of the relationship of parent and child, did not authorize the defendant to retain or use the fund. 3 Red. Wills 435, 436; Per. Tr., s. 612. As trustee under the will, or as receiving money in trust for the plaintiff, the defendant never gave a bond in probate court for the faithful performance of the trust, as provided by Gen. Laws, c. 205, s. 1, and the probate court has no jurisdiction of the cause. *Pickering* v. *DeRochemont*, 45 N. H. 67, 78. The probate court could have acquired jurisdiction only by appointing the defendant guardian, or taking his bond as trustee. And had there been jurisdiction in the probate court by reason of a trust, the jurisdiction of the supreme court embracing the subject of trust estates would be concurrent. *Petition of Baptist Church*, 51 N. H. 424.

Ordinarily the *cestui que trust* could not maintain an action at law against the trustee for breach of the trust while the trust is in force and unperformed. The remedy is in equity. The action at law can only be maintained when the trust is at an end, and nothing remains to be done except the payment by the trustee to the *cestui que trust* of the sum found in his hands. Per. Tr., s. 843; *Pickering* v. *DeRochemont, supra*, 78.

The defendant claims to be allowed for the care and education of the plaintiff, who is his daughter. By the rigid rules of the common law, the father was bound to support and educate his children, and, if of sufficient ability, could make no charge for maintenance on the child's estate. 2 Kent 191; Per. Tr., s. 612; *Sparhawk* v. *Buell*, 9 Vt. 41; *In re Kane*, 2 Barb. Ch. 375; *In re Burke*, 4 Sandf. Ch. 617; *Walker* v. *Crowder*, 2 Ired. Eq. 478; *Chapline* v. *Moore*, 7 Mon. 173; *Myers* v. *Myers*, 2 McCord Ch. 214; Sch. Dom. Rel. 322. But the old rule has been relaxed, and in determining the question of an allowance from the infant's estate for maintenance and education, the court looks with liberality at the circumstances of the particular case, and considers the respective estates of the father and child, and their rank and condition in life. *Dawes* v. *Howard*, 4 Mass. 97; *Newport* v. *Cook*, 2 Ash. 332; *Jerome* v. *Lick*, Cooper Ch. (U. C.) 32; *In re Kane, supra; Maberly* v. *Turton*, 14 Ves. 499. Whether, in accounting for the fund bequeathed and paid to the defendant for the plaintiff, the defendant can have an allowance for maintaining and educating his own child, is a question depending upon all the circumstances, the respective estates of the plaintiff and defendant, and her rank and condition in life. The amount of the fund in the defendant's hands is affected by the question of an allowance for support and education. That question being one of equity, jurisdiction cannot be determined in a suit at law. The plaintiff may file a bill in equity.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.