Grafton,    }
Dec., 1899. }

### FRENCH v. WESTGATE & a.

A court of equity has jurisdiction to compel the execution of a power coupled with a trust, to require an accounting by the trustee, and to assess the damages resulting to the beneficiaries from his neglect of duty.

Where a trustee has neglected to sell land in accordance with the terms of a devise, the revocation of an agreement for a sale by one beneficiary will not deprive the other of the right to equitable relief.

BILL IN EQUITY, alleging that J. W. French, deceased testate, made a devise as follows: " I give, bequeath, and devise unto Wm. F. Westgate, . . . my executor hereinafter named, a certain tract or parcel of land, . . . in trust, nevertheless, for the uses and purposes following: to have and to hold the same until such time as my son, Nahum W. French, and my daughter, Sarah M. Nutter, may or shall agree to have the same sold, and then to sell the same without license from the probate court for said county, and the proceeds of said sale to divide equally between" them; that the defendant Westgate was duly appointed trustee and has acted in that capacity; that the plaintiff, Nahum W. French, and the defendant, Sarah M. Nutter, thereafterward agreed to have the property sold and so notified the trustee; that the trustee neg-

lected to make the sale, whereby great damage has ensued by a decrease in the value of the property; that the trustee has not accounted for the rents and profits received by him; and that the defendant Nutter refused to join in the bill, although requested to do so. The prayer is for an order of sale, an accounting, and damages. The defendants moved to dismiss the bill.

*Smith & Sloane*, for the plaintiff.

*William F. Westgate* and *Bingham, Mitchell & Batchellor*, for the defendants.

CHASE, J. The trustee's power of sale was not left to his discretion, but was to be exercised whenever the *cestuis que trust* agreed that a sale should be made. It was a power coupled with a trust. 1 Per. Tr., s. 248. Equity has jurisdiction to cause such powers to be executed. 1 Sto. Eq. Jur., ss. 533, 1061; P. S., c. 205, s. 1. There is no action at law which would afford an adequate remedy (*Kendall* v. *Kendall*, 60 N. H. 527), and the legislature has not given probate courts jurisdiction in such matters. P. S., c. 198. The allegations of the bill state a case that is within equity jurisdiction. If the defendant Nutter has changed her mind and does not now agree to a sale, it does not follow that the plaintiff is not entitled to have the sale made. Nutter may be bound by the agreement which she entered into, or, if not, the circumstances may be such that the plaintiff is entitled to relief notwithstanding her opposition. Equity, having jurisdiction of this matter, can afford complete relief, including the assessment of the plaintiff's damages, if any, growing out of the trustee's neglect and the settlement of the trustee's account. *Eastman* v. *Savings Bank*, 58 N. H. 421. It is unnecessary to determine whether equity would take jurisdiction of the accounting if that alone were the object of the suit, or whether it would leave that matter to the statutory jurisdiction of the probate court. *Lebanon Savings Bank* v. *Waterman*, 65 N. H. 88.

*Motion denied.*

All concurred.