Grafton,   }
Oct. 9, 1902. }

## FRENCH *v.* WESTGATE *& a.*

The rule excluding parol evidence offered to explain, vary, or control the terms of a written contract is not applicable as against one who was not party thereto.

Where a devise in trust directs a sale of the estate upon agreement of the beneficiaries, the trustee is not required to execute the power in pursuance of a contract which limits him as to the time and manner of sale, and which is in effect an attempt to terminate the trust by an unauthorized conveyance to the *cestuis que trustent.*

BILL IN EQUITY, praying for an order requiring the defendant Westgate to sell the real estate hereinafter mentioned, for damages for his failure to seasonably execute a trust, and for an accounting. Facts found, and case transferred from the February term, 1902, of the superior court, by *Young*, J.

Joseph W. French, who died testate, devised to Westgate two tracts of land, known respectively as the sixteen-acre lot and the Briar Hill farm, "in trust nevertheless for the uses and purposes following: To have and to hold the same until such time as my son, Nahum W. French [the plaintiff], and my daughter, Sarah M. Nutter [a defendant], may or shall agree to have the same sold, and then to sell the same without license from the probate court for said county, and the proceeds of said sale to divide equally between my said son, Nahum W. French, and my said daughter, Sarah M. Nutter." Westgate duly qualified as trustee.

The beneficiaries agreed between themselves to request Westgate to sell the real estate by auction, to have some one present at the auction to bid the property up to $6,000, and, if it sold for less, to bid the property in and take the conveyance themselves as tenants in common. In pursuance of the agreement, they gave Westgate a paper dated March 10, 1894, addressed to him and signed by them, as follows : " We, the undersigned, pursuant to the will of Joseph W. French, do agree and desire that all the real estate and personal property on Briar Hill, so called, in Haverhill, be advertised and sold to the highest bidder at the same time the personal property is sold at the homestead."

Westgate duly advertised the property for sale by auction, in accordance with the request. At the sale, the only bid made for the sixteen-acre lot was $500 by a person employed by the beneficiaries. There was an adjournment, and during the intermission Westgate first learned of the foregoing agreement between the beneficiaries and of the fact that the bid was made in their interest. He then told them that he would not receive the bid ; they made no objection, and the matter dropped. There was no one present who would have bid upon the farm if it had been offered for sale. Both tracts would not have brought $6,000, and the beneficiaries would not have consented to a sale for a less sum. They could have been sold within a reasonable time after the auction for $3,500, but would not now sell for more than $1,000. The sixteen-acre lot was supposed to be valuable as a granite quarry, but its value was speculative.

Upon an accounting it was found that Westgate was indebted to the beneficiaries in the sum of thirty dollars ; and a decree was made in favor of the plaintiff for fifteen dollars, to which he excepted.

*Smith & Smith* and *Scott Sloane*, for the plaintiff.

*Samuel B. Page* and *George F. Morris*, for the defendant Westgate.

*Batchellor & Mitchell*, for the defendant Nutter.

PARSONS, C. J.   It has already been decided in this case that the will created in Westgate "a trust coupled with a power." *French* v. *Westgate*, 70 N. H. 229, 230.   The authority to sell does not appear to be limited to making sale as the agent of the son and daughter, or under their direction or control.   The provision indicates that for some reason the testator desired to employ for his children the skill, judgment, and experience of the trustee in making sale of the property.   The agreement of the son and daughter "to have the same sold," when made, instead of wholly terminating the trust, furnished the occasion for the performance of the trust as to the sale.   The discretion of the trustee was, as has already been held, not unlimited.   *French* v. *Westgate*, 70 N. H. 229.   He had no power to sell until the son and daughter had agreed to have the lands sold.

The notice of March 10, 1894, by its terms was not a consent for a sale by the trustee under the discretion conferred upon him by the will, but limited him to a sale at auction at a certain time. Whether, if a sale had been made in accord with the terms of the notice, the agreement therein as to method and time would have been a protection to the trustee in case it should appear that in the exercise of a sound discretion a sale should not have been so made, is not now in question.   Nor is it necessary to decide to what extent the beneficiaries could control the exercise of the trustee's discretion in making the sale.   The trustee was not a party to the contract evidenced by the notice, and the rule excluding parol evidence varying a written contract has no application. *Wilson* v. *Sullivan*, 58 N. H. 260, 263.

Upon competent evidence it appears that the beneficiaries did not agree to a sale except upon condition that the property should be sold for $6,000.   As a sale could not have been made for that sum, there was in fact no agreement that the estate should be sold.   If the trustee would have been justified in proceeding with a sale, disregarding the condition, the plaintiff cannot complain because the trustee did not insist upon the technical consent contained in the notice and sell the property without the consent in fact of the beneficiaries.   Construed in the light of the fact that no person was willing to give the price at which the plaintiff and his sister were willing the property should be sold, the agreement was not an agreement for a sale, but an attempt to put an end to the trust by a conveyance from the trustee to the *cestuis que trustent*, through the guise of a pretended auction.   That a *cestui que trust* may lawfully purchase the trust property of the trustee, does not authorize the trustee to deliver the trust fund to the beneficiary.

Per. Tr., *s.* 199.   A conveyance of the trust estate to the plaintiff and his sister would not have been a sale such as the testator contemplated and empowered the trustee to make.   As it is not found that the plaintiff and his sister agreed with reference to the subject of the trust " to have the same sold " in accordance with the will, the trustee is not in fault for not executing the trust. The exceptions to evidence were not argued and are understood to be waived.

*Exceptions overruled.*

All concurred.