## In the matter of KANE and another, infants.

It is a settled principle of the court of chancery, not to allow maintenance on behalf of infants, out of their property, unless it will be for their benefit to order such an allowance. And it is not for the benefit of infants to direct an allowance out of their general estate where they have any other sufficient provision for their maintenance, or a right, which can be enforced, to demand it from other sources.

The court will not direct an allowance to the father of infants, out of their estate, where he is of sufficient ability to maintain and bring them up without it, in reference to their situation and prospects in life; having a due regard to the claims of others upon his bounty.

The amount of the fortunes of the children, as well as the situation, ability, and circumstances of the father, should be taken into consideration, by the court, in determining the question whether he shall have an allowance out of their property for their support during their minorities.

The English court of chancery formerly adopted a very rigid rule in relation to past maintenance by the father, by refusing to make a retrospective order in any case. *It seems* however that the proper rule here is for the court to direct an inquiry as to the propriety of allowing for past maintenance, where a special case is made; but not to direct such an inquiry, as a matter of course, upon a mere petition showing the inability of the father to support his children, at the time such support was furnished them.

To entitle the father even to an inquiry, as to the propriety of making an allowance for past support of his infant children, he should state a special case, showing the extent of his means, at the time such support was furnished, and the particulars of the extraordinary expenditures, for the actual benefit of the infants, which create an equitable claim in his favor.

Where a contingent interest in personal estate is not legally and effectually disposed of by the will of the testator, it belongs to the personal representatives of those who were his next of kin at the time of his death, and not to those who are the next of kin at the time of the happening of the contingency upon which the intestacy as to that contingent interest depends.

The surviving husband of a niece, who was the next of kin of the testator at his death and during her coverture, and not the children or next of kin of the deceased niece, who were the nearest of kin to the testator at the time of the happening of the contingency, is entitled to a contingent interest in the personal estate of such testator not effectually disposed of by the will.

THIS was an application by J. I. Kane, the father and general guardian of his infant children, for an allowance, out of their property, for their education and support. The petitioner stated that his two children, who were of the ages of nine and eleven years. had, by the death of their mother and

In the matter of Kane.

of their aunt, become entitled to a large property, amounting to about $120,000; that they had continued to reside with him since the death of their mother, in the autumn of 1842, and had been supported by him; that for their proper education and support in the county of Westchester, where he and they resided, and to fit them to occupy the position in life to which their future prospects entitled them, he had found it necessary to live in a far different and much more expensive manner than he should have considered it necessary to do as a single man and without children; that his whole property, including his country residence in Westchester, was not worth more than $25,000, estimating such country residence at $15,000; and that the yearly income of his other property, exclusive of such residence, did not exceed $500. In addition to this, however, he stated that his mother had allowed him annually about $2000. The petitioner, therefore, asked an allowance for past maintenance, as well as for the future support and education of his children. The fortunes of the infants consisted principally, if not wholly, of property which they had derived under the will of their grand uncle, W. Cook, deceased; the substance of which will is stated in the report of the case of *Gott and others* v. *Cook*, (7 *Paige's Rep.* 521,) in relation to the construction and validity of the provisions of that will.

*J. I. Kane*, the petitioner, in person.

THE CHANCELLOR. It is a settled principle of the court of chancery, not to allow maintenance on behalf of infants, out of their property, unless it will be for their benefit to order such an allowance. And it is not for the benefit of infants to direct an allowance out of their general estate where they have any other sufficient provision for their maintenance, or a right, which can be enforced, to demand it from other sources. The court, therefore, will not direct an allowance to the father of the infants, out of their estate, where he is of sufficient ability to maintain and bring them up without it, in reference to their situation and prospects in life; having a due regard to the

In the matter of Kane.

claims of others upon his bounty.   Thus, in the case of *Jackson* v. *Jackson*, ( *West's Ch. Rep.* 31,) where it appeared that the father was of sufficient ability to maintain his infant child, Lord Hardwicke refused to allow maintenance out of the proceeds of a legacy given to the infant, by the will of his mother. And in the subsequent case of *Darley* v. *Darley*, (3 *Atk. Rep.* 399,) where the father of the infants claimed an allowance out of a legacy he had received for his children, for moneys expended for the maintenance of the one, and the apprenticing of the other, the same distinguished judge refused to sanction the claim.   He said, where legacies were given to a child, by a relative, the father could not make use of it in the maintenance of such child, but must provide for him out of his own pocket; nor could he set him out in the world, or put him out as apprentice or clerk, with the money arising from the legacy; and if he did, he would not be allowed for it.   So in *Wellesley* v. *Beaufort*, (2 *Russ. Rep.* 28,) Lord Eldon says: "The court considers the duty of the father imposes thus much on him, that if he be himself of ability to maintain his children and to provide for them according to their expectations, be their fortunes what they may, it says you shall provide for them out of your own means, and not encroach upon the property of the children."   The same principle will be found established in many other cases.

The amount of the fortunes of the children, as well as the situation, ability, and circumstances of the father, should, however, be taken into consideration by the court, in determining the question whether he shall have an allowance out of their property for their support during their minorities.   And in the present case, if the income of the father does not in fact exceed what he supposes it to be by his petition, and if he is right in supposing that his children are entitled to the present income of all the property which was limited over to them by the will of W. Cook, in the events which have occurred, it would be unreasonable to require him to educate and support them entirely at his own expense.   For although there does not at present appear to be any other claimant upon his bounty, he may

reasonably wish to provide for the contingency of a second marriage, and the expenses of bringing up and educating the children who might result from that marriage.

I think, however, the petitioner is under a mistake in supposing that these infants are entitled to the present income of the whole estate, which was given to them by the will of their grand uncle, in the events which have happened. My recollection of the case that was before me, in relation to that will, is, that the property of the testator was mostly personal estate, and that the decree declared that the income of the estate during the minorities of the infants, in the events that have happened, was not legally disposed of by the will; that so far as such income arose from the personal estate of the testator, it belonged to his next of kin, and that it belonged to his heirs at law only so far as it arose from real estate, or from the proceeds of real estate converted into personalty for the purposes of the will; and that upon the happening of these contingencies, the executors and trustees were directed to distribute it accordingly, during the minorities of these infants.

If I am right in reference to the decree which was made in that case, therefore, the income of one-fourth of the personal estate, from the time of the death of the petitioner's wife until the death of her sister, and of one-half of such personal estate, since the death of her sister and during the minority of these infants respectively, belongs to J. I. Kane and not to his children ; unless the mother of the testator made a testamentary disposition of her distributive share, of the personal estate of her son, which was not validly and effectually disposed of by his will.

It appears by the case of *Gott* v. *Cook*, (7 *Paige's Rep.* 521,) that at the death of W. Cook his mother and his two nieces were his only heirs at law and next of kin. Those three persons, therefore, were entitled to all the interests in his estate, either present or future, which were not legally and effectually disposed of by his will. And if they made no disposition of such interests, those interests were of course, upon their deaths respectively, cast upon those persons to whom the laws of the state gave them. It appears too, by the report of that case, that the

testator's mother died before the commencement of that suit; and of course, during the lifetime of Mrs. Kane. Her contingent interest, therefore, in the income of the estate of the testator which was not legally disposed of by his will in the events which have since happened, devolved upon her two grandchildren, Mrs. Kane and Janet Cook, as her heirs at law and next of kin. Mrs. Kane then, at the time of her death, in September, 1842, was entitled to one moiety of that contingent interest in one half of the income of the estate, during the minorities of her infant children respectively, which was not legally disposed of by the will; and Jane Cook was entitled to the other moiety of that half. And upon the death of both nieces, so much of that income as was thereafter to arise from real estate, or the proceeds thereof, descended to their heirs at law as real estate; and so much thereof as was to arise from the proceeds of personal estate belonged to their respective husbands, as the personal representatives and distributees of their wives, under the statute of distributions.

So in relation to the contingent interest in the income of Jane Cook's half of the estate, after her death and during the minorities of her sister's children respectively, which, in the event that has occurred, was not legally disposed of by the testator. One moiety of that contingent interest belonged to Mrs. Kane and the other half to her sister, at the time of their deaths respectively. And that part of the income which was or is to arise from the personal estate now belongs to their husbands, and that which was or is to arise from the testator's real estate, or the proceeds of it, belongs to these infants as the heirs at law of their mother and sister.

If I am right, therefore, as to the facts of this case, the income of one fourth of the personal estate of the testator, which the petitioner was entitled to receive as the representative and distributee of his wife, between the time of her death and the decease of her sister, was an ample fund for the support of his infant children during that period of time, when the expenses of their support could not have been very great. And the income of the half of the personal estate of the testator since that time, and that which is hereafter to arise, will probably be much

more than sufficient to provide for the maintenance and education of the infants during the residue of their minorities respectively; leaving to the petitioner the full benefit of all his other property for his own support, and the support of any other family he may hereafter have. In that case no allowance for the antecedent or future support of these infants out of their own property should be made; but the petitioner should be directed to invest the income of their property, which he may receive from time to time, and accumulate it for them respectively during their minorities

In case I have mistaken the facts of the case, so that the petitioner is not entitled to these contingent interests in the personal estate of the testator which were not effectually disposed of by the will, the petitioner may have the usual order of reference, to Master Pruyn, to inquire and report whether the petitioner is of sufficient ability to provide for the support and education of his infant children, according to their situation in life, and in reference to their present income and the amount of the estate which is to come to them when they shall be of full age. And if the master arrives at the conclusion that the petitioner is not of sufficient ability, then he is to state what allowance should be made to the petitioner for the support of the infants, from time to time, out of the income of their property; to the end that upon the coming in of the report such order may be made in the premises as shall be just. This appears to be the proper order in such cases, according to the statement of Lord Thurlow in the case of *Hughes* v. *Hughes*, (1 *Bro. C. C.* 386.) As to past maintenance by the father, the English court of chancery appears to have adopted a very rigid rule, by refusing to make a retrospective order in any case. (*Andrews* v. *Partington*, 2 *Cox's C. C.* 223.) But in the recent case of *Ex parte Bond*, (2 *Myl. & Keen's Rep.* 439,) the master of the rolls, although he admitted the general rule on this subject to be not to allow to the father for the past maintenance of his infant child, which maintenance the law had imposed upon the father as a duty, said that if a special case were made the court might direct an inquiry as to the propriety of allowing for past maintenance. This appears to be the proper rule on the sub

ject; not to direct an inquiry as to the propriety of allowing past maintenance, as a matter of course, upon a mere petition showing the inability of the father to support his children at the time such support was furnished to them. But to entitle the father even to an inquiry as to the *propriety* of making an allowance for past support, he should state a special case, showing the extent of his means at the time such support was furnished, and the particulars of the extraordinary expenditures for the actual benefit of the infant which created an equitable claim in his favor.

In the present instance, if the infants, and not the father, are entitled to the present income of the half of the personal estate, bequeathed by the will of W. Cook, the petitioner has made out a case entitling him to some allowance out of their estates for future maintenance; but not such a case as would entitle him, prima facie, to an allowance for past support.