New York County.—Hon. D. G. ROLLINS, Surrogate.—December, 1886.

MATTER OF WINSOR.

*In the matter of the estate of* WILLIAM WINSOR, *deceased.*

A widow, who is general guardian of the property of her son, may be allowed for past maintenance of her ward, where the latter, on attaining majority, cites her to account, with a view to payment to him of his interest in the estate of his father, of which respondent was administratrix, and the amount so allowed may be set off against that found to be due to petitioner.

HEARING of exceptions to report of referee to whom were referred the account of general guardian, and objections thereto, filed in proceedings for judicial settlement.

JOHN A. MAPES, *for guardian.*

RUFUS F. ANDREWS, *for ward.*

THE SURROGATE.—Richmond Winsor, the father of this petitioner, died intestate, in the year 1863, leaving a small estate, whereof his widow, Josephine Winsor, the petitioner's mother, was appointed administratrix.

On November 2d, 1885, a decree was entered in this court whereby the account of Mrs. Winsor, as such administratrix, was judicially settled and determined. That account showed that, on May 1st, 1886, she paid over to herself, as her son William's general

guardian, his share and interest in his father's estate, then amounting to $1,909.94.

William attained his majority on May 13th, 1883, and on November 24th, 1885, filed a petition praying that his guardian be cited to account. An account was filed by her on December 11th, 1885. Objections were subsequently interposed thereto, and the issues thus raised were submitted to a referee, whose report is now before me on a motion for its confirmation.

The guardian stands charged in her account with the above named sum of $1,909.94 and with $1,238.88 interest in addition, in all with $3,148.82. By his second objection the petitioner claims that this statement is not an accurate statement of the moneys received by the guardian for his benefit. The referee has overruled this objection and the petitioner has excepted. This exception must be sustained.

The evidence establishes to my satisfaction that the moneys which came to the hands of the guardian from her husband's estate have ever since remained intact; that with the accumulations thereon they amounted, at the time of their reinvestment in 1882 or 1883, to $3,666.66; that with such amount, together with the interest which the new investment has yielded from January 1st, 1883, to the date when the decree herein shall be entered, the respondent must by such decree be held chargeable.

In view, however, of the limited extent of her resources since the death of her husband, the unremunerative results of the business in which she has been engaged for her own support and that of her son, and

the absence of any facts indicating a purpose on her part to relieve the petitioner and his estate from liability to reimburse her for sums expended for his benefit, she is, in my judgment, justly entitled to an allowance for past maintenance (Matter of Bostwick, 4 *Johns. Ch.*, 100; Wilkes v. Rogers, 6 *Johns.*, 566; Matter of Kane, 2 *Barb. Ch.*, 375, 381; Harring v. Coles, 2 *Bradf.*, 349; Bruin v. Knott, 9 *Jur.*, 979; Voessing v. Voessing, 4 *Redf.*, 360; Brown v. Bedford, 4 *Dem.*, 304, 310; Furnam v. Van Sise, 56 *N. Y.*, 435; Beardsley v. Hotchkiss, 96 *N. Y.*, 201, 219; Hyland v. Baxter, 98 *N. Y.*, 610, 614). The credit claimed by her in this regard is not, under all the circumstances, unreasonable. It is, therefore, allowed.

\*    \*    \*    \*    \*    \*    \*

The report of the referee, with such modifications as I have indicated, is confirmed.