In re Accounting of STEPHEN S. OTIS, Guardian, Appellant, *v.* HENRY HALL, Ward, Respondent.

Where parties sustain the relation of parent and child, either by nature or adoption, the former, in the absence of an express agreement, cannot be legally required to pay for services rendered by the child nor the latter to pay for maintenance.

O. under an agreement with G., the step-father of H., an infant, took the latter into his family as one of its inmates, and in order to collect certain pension moneys due H., which O. agreed he would pay over to H. with interest when the latter became of age, O. procured himself to be appointed guardian of H. H. lived in the family of O. until he became of age, working under his direction and earning more than enough for his support  On final settlement of the accounts of O. as guardian, he presented an account charging himself with the pension moneys, but

crediting for the maintenance and care of H. This credit was disallowed by the surrogate and O. was charged with the amount of the pension moneys and interest. *Held*, no error; that having assumed the relation of parent {to his ward he could make no charge for his support, and while the surrogate had power to decide the question upon equitable principles, the facts did not present a case entitling him to any such relief.

(Argued October 14, 1889; decided November 1, 1889 )

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 2, 1888, which affirmed a decree of the acting surrogate of Lewis county settling the final account of Stephen S. Otis, as guardian of Henry Hall, an infant.

It appeared that on his own application Otis was on the 14th of May, 1866, appointed guardian of the person and estate of the infant, and in February, 1886, he presented his final account, verified in the usual manner. The ward excepted to every item of credit claimed by the guardian " for any money paid, or for food, clothing or care provided " upon several grounds, and among others : (1.) That while still an infant the guardian took him into his family " as one of its members without any intention of charging for his board, care or support, and in that character retained and treated him, the infant in the meantime " working for the guardian on his farm and otherwise as he dictated, and in such labor earning more than enough to pay for his board, clothing and maintenance. (2.) That the money, with the receipt of which the guardian charged himself, was granted by the government of the United States to the ward as pension money on account of his father's services as a soldier and death in the rebellion of 1861, and was inapplicable to any demand of the guardian and was not, in fact, so applied by him, and the ward asked that Otis be decreed to pay over to him the funds so received, with interest.

The issues thus presented were heard by the acting surrogate, and from his report it appeared that the exceptions were well founded in fact, and, as matter of law, he decided .

" 1st. That having assumed the relation of parent to his

ward, the guardian can make no charge for support and the ward cannot receive for services.

" 2d. That having agreed with the step-father of the ward that he would pay over to the ward the money he should receive and interest when he became of age, and having taken the child on that agreement, the guardian cannot now charge for support and take that money for recompense."

The surrogate, therefore, charged the guardian with the sums received by him, with interest, and after deducting his commissions and certain expenses, directed him to pay the balance, viz., $1,042.56 to the ward, with costs of the proceedings.

Further facts appear in the opinion.

*Elon R. Brown* for appellant. The Surrogate's Court may allow to a parent or guardian, either for the present or past support of the infant out of the principal as well as out of the interest of the ward's estate. (*Hyland* v. *Baxter*, 98 N. Y. 610; *Matter of Bostwick*, 4 Johns. Ch. 105; *Voessing* v. *Voessing*, 4 Redf. 360; 3 Pomeroy Eq. Jur. § 1309; *In re Miller*, 34 Hun, 267.) Pension moneys coming to the hands of a parent do not have to be accounted for at all, and if Otis is to be charged with the burdens of a parent towards this ward, he should have also the privileges and immunities of that relation. (U. S. R. S. §§ 4695, 4702, 4703, 4704, 4747; *In re Clark*, 36 Hun, 301; *Voessing* v. *Voessing*, 4 Redf. 360; *Hill* v. *Hanford*, 11 Hun, 536.)

*Kilby & Kellogg* for respondent. Otis having assumed the relation of parent to this child, he cannot charge for support, nor can the child charge for services. (2 Am. R. 151; 3 N. Y. 312, 317, 320, 321; 5 Barb. 122; 11 id. 224; 4 Wend. 404; 2 Kent [6th ed.] 192; 94 Penn. St. 62; 27 N. W. Rep. 702; 3 At. Rep. 531; 96 N. Y. 201–221; 60 Mo. 284; 16 Gray, 404; 2 N. Y. S. R. 181; Tyler on Infancy; *In re Kane*, 2 Barb. Ch. 375; *Smith* v. *Gurtner*, 40 How. Pr. 185; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201, 220.)

No legal charge can be made by the guardian for the ward's support, because it was intended at the time to be gratuitous. (104 N. Y. 250, 265; Tyler on Infancy, § 179; *Folger* v. *Heidel*, 60 Mo. 284; *Carpenter* v. *Wilbur*, 15 Hun, 134; 2 Parsons on Contracts [5th ed.] 54; *Davis* v. *Davis*, 9 C. & P. 87; 26 Week. Dig. 497; 95 N. Y. 181.) This pension money was exempt, and the guardian had no power to retain it to recompense him for past maintenance. (Code, § 1393; U. S. R. S. §§ 4745, 4747, 4783, 5486.) The court could not allow for clothing purchased. This is not a compliance with the law. (Code, § 2734; *In re Gill*, 3 Hun, 20; Redfield on Surrogates, 679; 49 N. Y. 667; Tyler on Infancy, § 179; 15 Hun, 134; 2 Parsons on Contracts [5th ed.] 54; 60 Mo. 284.) These pension funds the guardian has used as his own in his business. Hence he is chargeable with interest from the date of each item. (Reeves on Dom. Rel. 325, 326; 11 Paige, 520; 1 Hop. Ch. 424; 2 Wend. 22; 8 Barb. 48, 73.) This fund belonged to the ward. (U. S. R. S. § 4703.)

DANFORTH, J. It is well settled that where parties sustain the relation of parent and child, either by nature or adoption, the former in the absence of an express promise cannot be required to pay for services rendered by the child, nor the latter be obliged to pay for maintenance. No case has been cited to the contrary, but the learned counsel for the appellant while conceding that "such is undoubtedly the rule of law," contends that a different doctrine should prevail in a court having in respect to matters of this sort a somewhat larger jurisdiction, and that the surrogate erred in not disposing of the question upon equitable principles. He might have done so had a case been made for such relief ( *Voessing* v. *Voessing*, 4 Redf. 364; *Hyland* v. *Baxter*, 98 N. Y. 610), but we find nothing in the record which required his interference. It seems that the guardian took the infant into his family with the avowed intention of rendering care and maintenance gratuitously. He made no charge at any time, and knowing that pension moneys would be coming to the child, agreed that

they should be paid over to him when of age, with interest. The account actually presented by the guardian to the surrogate, credits the ward with these moneys to the amount of $576.57, credits him also with services rendered after the year 1875 in the sum of $250, but makes the charge for maintenance and care absorb both items and claims as due from the ward a balance of $665.80. All this is contrary to the agreement on which he was permitted to take the child and inconsistent with his conduct afterwards.

He not only treated the child as a member of his family and assumed the character of parent, but taught the child to call him "father," his wife, "mother," and told the neighbors that he had adopted him, and that the child would be his heir. The account now presented is at variance with these relations; and in the absence of evidence that the support furnished exceeded the ordinary necessaries supplied in a farmer's family, there was nothing to call for any allowance, and, moreover, the case actually made would have justified a finding that the boy's services were of such importance as to furnish a full compensation for his support. Such a finding was not necessary, for, under the circumstances, the guardian by his act and his design stood in the place of a parent, and the case forms no exception to the general rule that where that relation exists no charge should be made for services on one hand, nor for board and maintenance on the other.

We agree, therefore, with the Supreme Court, and its judgment should be affirmed.

All concur.

Judgment affirmed.