(27 Misc. Rep. 53.)

## In re WILBER'S ESTATE.

(Surrogate's Court, Otsego County. March, 1899.)

PARENT AND CHILD—SUPPORT AND EDUCATION—GUARDIAN.

    A father will not be allowed, as guardian, out of a small estate of his daughter, for money expended for her board, tuition, and expenses at college, when during the time such expenditures were made he was a member of congress, received an annuity of $980 annually, and owned real estate from which he had a yearly income in excess of $1,000, and supported no one except himself and daughter.

Petition by David F. Wilber for settlement of his accounts as guardian of Edith N. Wilber.

John M. Ward, for David F. Wilber.

Edgar J. Arnold, for James H. Crandall, general guardian.

Alva Seybolt, for American Surety Co. of New York.

ARNOLD, S. David F. Wilber is the father of Edith N. Wilber, an infant. In 1890 he was duly appointed her general guardian. There came into his hands, as such guardian, at that time moneys amounting to $1,771.87. In his account, filed herein, he charges himself with interest on that amount to January 6, 1898, in the sum of $814.16. According to his account, these sums comprise the entire estate belonging to said infant, excepting a certain devise given to her in and by the will of her grandfather. The value of this devise does not appear before me. Prior to the commencement of these proceedings, said David F. Wilber was allowed to resign as such general guardian, and James H. Crandall had been duly appointed, and is now acting as such general guardian of said infant. In the accounts filed by the said Wilber, he asks to be allowed the sum of $754.55 out of the estate of this infant, which sum was paid by him for the board, tuition, and expenses of his daughter while she was in Washington College, during the school year of 1896–97. His daughter at that time was about 14 years of age, and, so far as appears before me, her estate was of the value above stated. No application was ever made to the court by the said Wilber, during the time that he was acting as guardian, for leave to use any part of his ward's estate for any purpose. In these proceedings, which are brought to compel him to account for his ward's estate, he asks the court to allow him the said sum of $754.55. This court has jurisdiction and power to allow the guardian for such advancement, and such an allowance will now be proper, if this is a case where the use of the infant's estate would have been authorized by the court, had application been made in advance. Hyland v. Baxter, 98 N. Y. 610. The real question for decision is, does Mr. Wilber now present a proper case for such an allowance? He is the father of this infant. The law says that it is his duty to maintain, educate, and support her; and it is a well-settled rule of law that courts will not direct an allowance to the father out of the estate of the infant, where he is of sufficient ability to maintain and educate the infant without it. The court, in determining this question, must bear in mind the situation, circum-

stances, and station in life of the parties, and the future prospects in life of the infant. Due regard must also be had to the claims of others upon the bounty of the father. During all of the time that the infant was at school at Washington College, her father was a member of the congress of the United States from the state of New York. He received an annual salary of $5,000 a year. He received an allowance for clerk hire of $1,200 a year. He received an annuity from the estate of his father of $980 annually. He was the owner of the Wilber Block, in Oneonta, N. Y., from which he received an income of at least $1,000 per year; and he was the owner of other real estate, consisting of farms and houses and lots in the village of Oneonta. So far as the evidence shows, he supported no one during that time except himself and his daughter. The evidence before me totally fails to establish a proper case for the allowance asked, and would appear to conclusively show that this father was of sufficient ability to properly maintain and educate his child. Under the well-settled rules of law laid down in the cases, I cannot make the allowance asked for out of the few hundred dollars comprising this infant's estate, as it appears before me. In re Kane, 2 Barb. Ch. 376; Woerner, Guardianship, §§ 49, 50; Voëssing v. Voëssing, 4 Redf. Sur. 360. A decree may be entered according to the findings filed herewith.

Decreed accordingly.