### WAMSLEY v. WAMSLEY et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. PARENT AND CHILD—CONTRACT OF SUPPORT—MEASURE OF DAMAGE.

In consideration of the support of his parents and the payment of debts against the father existing at the date of the agreement, plaintiff was to have the use of the father's farm and the personal property thereon, and its avails were to belong to him. Plaintiff provided for the support and care of his parents, and paid the greater portion of the father's debts, and disposed of some of the personal property. *Held*, that the measure of plaintiff's recovery against the father's estate, where the personal property had been taken by the representatives of the estate, was the value of the property taken, less the amount of the unpaid debts.

2. SAME—LIABILITY FOR DEBTS.

Under an agreement providing for the payment of a father's debts existing at the date of the agreement by his son, the son is not entitled to credit for payment of a claim not in existence at the time of agreement, and which was not a debt against the father.

3. SAME.

A claim for legal services in proceedings for laying out a road, instituted after the arrangement with the father had been entered into, to which the father was not a party, is not a debt against the father.

4. SAME—SERVICES OF CHILD.

Where parties sustain the relation of parent and child, the parent cannot be required to pay for the services of the child, in the absence of an express promise to that effect.

Appeal from judgment on report of referee.

Action by Madison P. Wamsley against Margaret A. Wamsley and another, as executors, etc., of Perry Wamsley, deceased. From a judgment for plaintiff on the report of the referee, defendants appeal. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Williams & Conlon (W. H. Johnson, of counsel), for appellants.
J. M. Maybee, for respondent.

MERWIN, J. It is found by the referee that on or about June 16, 1894, an arrangement was made between the plaintiff and his father, Perry Wamsley, by which the plaintiff should have the use of the farm of his father and the personal property thereon, consisting of horses, cows, and farming and dairying utensils, and the avails thereof, and should care for and support his parents during the lifetime of the father, and that the plaintiff was to pay the debts of his father then existing, and in consideration of such payment, if made by plaintiff, the personal property on the farm should be his. Under this arrangement the plaintiff occupied and ran the farm, and had the use and avails of the farm and personal property, until the death of his father, in October, 1897, and provided for the sup-

port and care of his parents according to his agreement. He also paid the greater portion of the debts of the father, and disposed of some of the personal property. Upon the death of Mr. Wamsley, the defendants disputed the right of the plaintiff to have or keep the personal property that remained, and commenced legal proceedings to recover possession of a portion thereof. Thereupon the plaintiff surrendered the property, or the greater portion thereof, without prejudice to any claim he might make against the estate. Subsequently he presented the claim in suit for the recovery of the amount of the debts of his father which he had paid, and also for improvements upon the farm and taxes paid, and a claim of his own for work on the farm from September, 1893, to July, 1894. The referee disallowed the claims for improvements and taxes, but allowed the claim for debts paid and for work of plaintiff on the farm. He in substance held that the plaintiff could recover for what he had paid out on debts under the arrangement, less the value of such of the personal property as he did not return.

I doubt the correctness of the rule of recovery adopted by the referee. Assuming that the plaintiff, up to the time of the death of his father, performed his part of the contract, and was ready, upon demand, to pay any other debts covered by the arrangement, and assuming that the defendants interfered in violation of the contract, and obtained possession of the personal property that remained, the measure of the recovery by plaintiff was, I think, under the circumstances shown here, the value of the property taken by the defendants, less the amount of the unpaid debts. The amount of the debts that plaintiff under the arrangement was to pay was not fixed. He was to pay all that existed at a certain date. The consideration for such payment that plaintiff was to receive was not the amount in money, but certain property. This came to plaintiff's possession, and some he disposed of. He is therefore not in a position to return the property that he received. He has not in fact returned all that remained at the death of the father. If the defendants interfered, so that the plaintiff did not get his full compensation, he would be made whole by receiving the value of such as the defendants took, less any unpaid debts.

Upon the theory adopted by the referee, the proof does not, I think, sustain the allowance of all of the items which are in fact allowed in the recovery. The item of $41.05, paid to James Cotter, was not a debt in existence at the time of the arrangement, nor was it a debt against the father. The item of $59.60, for claim of Wagner & Fisher, is not shown to be a debt against the father, nor was it within the terms of the agreement. It was for legal services in proceedings about laying out a road, instituted after the arrangement under which plaintiff ran the farm. The plaintiff has paid no part of the claim. He testifies that a part was charged to him, but how much he does not state. The father was not a party to the proceeding. The item of $152, allowed for services of plaintiff on the farm from September 1, 1893, to June 16, 1894, was not shown to be a legal claim against the father, within the rule laid down in Otis v. Hall, 117 N. Y. 131, 22 N. E. 563.

The defendants are, I think, entitled to a new trial, not only on the ground that the evidence does not sustain the judgment, but also on the ground that the referee adopted an erroneous rule as to the measure of recovery.

Judgment reversed on the law and the facts, referee discharged, and new trial granted; costs to appellant to abide the event. All concur.