ment herein should set the question at rest by providing that such lien still exists. The plaintiff released valuable interests under the agreement, and the terms of the agreement have been carried out by the parties, except that the $1,400 has not been paid to the plaintiff, though nearly 18 months have elapsed since the agreement was made, and more than 18 months since the death. The court set aside the contract wholly, with costs. We think this was not quite equitable or proper under the circumstances. The plaintiff could be fully protected by so reforming the contract as to make the lien for the $1,400 certain, and by inserting the provision making the $1,400 payable to plaintiff 6 months after the making of the agreement, instead of leaving it payable 18 months after the death, as provided by the will. This will protect plaintiff as to the time of payment, because interest on the $1,400 will be payable from the expiration of the six ·months provided for. If the agreement is wholly vacated and set aside, the parties are left to further litigation, which will be expensive, and should be avoided.

It does not seem necessary to send the case back for a new trial. We should reverse the judgment appealed from, and order judgment reforming the agreement in the two respects we have considered, with costs of the trial court, but without costs in this court to either party. If then the $1,400 and interest should not be paid, the plaintiff will have her remedy by action and the enforcement of her lien.

Judgment reversed, and judgment directed reforming the agreement in the two respects specified in the opinion, with costs to the plaintiff in the court below, but no costs allowed to either party upon this appeal. Order to be settled by and before WILLIAMS, J., on two days' notice. All concur.

(98 App. Div. 546)

### In re DAVIS' ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. TAXATION—TRANSFER TAX—EXEMPTION—ACKNOWLEDGED CHILDREN.
  Under Laws 1896, p. 869, c. 908, § 221, as amended by Laws 1901, p. 1172, c. 458, which exempts from the imposition of the transfer tax property transferred to any child to whom the decedent stood, for not less than 10 years prior to the transfer, in the mutually acknowledged relation of a parent, it is necessary for one, in order to show that a transfer is exempt, to prove that the relation of parent and child was mutually acknowledged to exist; and where one lived in deceased's family for a number of years, calling him "uncle" and his wife "aunty," and being referred to by them as "niece," and whose education was paid for in part, at least, out of property which deceased held as guardian for her, she was not within the exemption clause.

2. PARENT ·AND CHILD—SUPPORT AND EDUCATION OF CHILD.
  A parent who is capable of providing for his daughter has no right to trench upon her property and her income to maintain and educate her.

3. TAXATION—TRANSFER TAX—EXEMPTIONS—BURDEN OF PROOF.
  The burden is on one who claims an exemption from the transfer tax under Laws 1896, p. 869, c. 908, as amended by Laws 1901, p. 1172, c. 458, which exempts property transferred to any child towards whom the de-

¶ 2. See Parent and Child, vol. 37, Cent. Dig. §§ 34, 52, 55, 56.

cedent stood for 10 years in the mutually acknowledged relation of a parent, to establish, by showing the recognition of the parental relation, that he is entitled to such exemption.

McLennan, P. J., and Williams, J., dissenting.

Appeal from Surrogate's Court, Steuben County.

In the matter of the appraisal of the property of the estate of John W. Davis, deceased, under the acts relating to taxable transfers of property. From an order of the Surrogate's Court affirming an order of said court which modified the report of the appraiser appointed to fix the value of the estate subject to transfer tax, the comptroller appeals. Modified.

The appraiser appointed by the Surrogate's Court of Steuben county to appraise the property and to fix and determine the value of the transfer tax chargeable on the estate of John W. Davis, deceased, fixed the market value of the real and personal property which passed to Jennie F. Lyon by the will of said decedent at $27,480.70, and that she was liable to pay a tax thereon at the rate of 5 per cent. The report has been modified by the decree of the Surrogate's Court by striking out the tax upon the real property and reducing to 1 per cent. that to be imposed upon the personal property bequeathed to her.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Newton B. Gorham, for appellant.
Milo N. Acker, for respondent.

SPRING, J. The appeal involves the construction of section 221 of the tax law (chapter 908, p. 869, Laws 1896, as amended by Laws 1901, p. 1172, c. 458), which exempts from the imposition of the taxable transfer tax property transferred to any child to whom the decedent grantor, etc., "for not less than ten years prior to such transfer stood in the mutually acknowledged relation of a parent, provided however such relationship began at or before the child's fifteenth birthday and was continuous for said ten years thereafter." The essence of the required relation is that it must be mutually acknowledged to exist. However fervent may be the affection of the donor and donee for each other, however close may be their relations as members of the same family and household, however liberal may be the expenditures of the donor for the education, maintenance, and welfare of the donee, she is not entitled to the exemption unless they recognize that they are in effect a parent and child. The surrogate has found that the relation existed, and the exemption applies, and we are unable to coincide with this view. Jennie Freeman (now Mrs. Lyon) was born in 1866. Her mother died in 1872. Immediately thereafter she came into the family of Mr. and Mrs. Davis. They had no children, and Jennie had the privileges of a daughter in their family. They always introduced her, however, as their niece, and she never called Mr. Davis "father," but "uncle," and his wife "aunty," and that was the relation of Mrs. Davis to the child. The expenses of her clothing, maintenance, and education were, in the main, borne by Mr. Davis, evidently without the expectation of reimbursement or charge. He was a man of property, and obviously loved his niece. He made her the principal beneficiary of his will, but designated her in that

instrument as his niece. The child's father was apparently without property. Her grandfather died in 1882, leaving a will, by which he bequeathed to her $1,000, and to a trustee 150 shares of the capital stock of Wells, Fargo & Co. to apply the income for the support of his son, Charles Freeman, and the three children of the latter, which included Jennie. Upon the death of Charles, which occurred in 1885, the stock was to be divided equally among the three children beneficiaries. Mr. Davis was appointed general guardian of Jennie, and after the death of her father received from the trustee the income of the property bequeathed to her until she was 21 years of age. She attended school in Albany for two years, commencing in 1883, and the expense was paid by the guardian from her income, or charged to her by him. In his settlement with her when she attained her majority he did not account to her for any interest, dividends, or accumulations. Whatever income accrued from her property he used probably for her welfare and toward her support and education. The point is, if she was his daughter, and he was capable of providing for her (as he unquestionably was), he had no right to trench upon her property and her income to maintain and educate her. That duty was incumbent upon him if the parental relation existed. 21 Am. & Eng. Ency. of Law (2d Ed.) p. 1049; Beardsley et al. v. Hotchkiss, 96 N. Y. 201, in which, at page 220, the following extract from Schouler on Domestic Relations is quoted approvingly:

"As a general rule, the father must, if he can, maintain his infant children, whatever their circumstances may be; and no allowance will be made him for that purpose out of their property while his own means are adequate for their support. This principle is clearly established both in England and America."

The fact that she continued in Mr. Davis' household and of his family after the death of his wife, her marriage with his consent, and her subsequent living with her husband in his home free of charge, with many other acts and circumstances, are all consistent with the filial relation. The difficulty is, however, that for some reason not disclosed by the evidence Mr. Davis and his niece did not assume to recognize their relation to be that of father and daughter. They were particular that there should be no acknowledgment of any such kinship. While the witnesses in her behalf detail many acts from which it might be inferred Mr. Davis treated Jennie as his daughter, yet every one knew that she was his niece, and that he always called her such, and never at any time said she was his daughter. There was no open acknowledgment that he stood in loco parentis to her, and they never attempted to deceive each other on this subject. The burden is upon Mrs. Lyon, who claims the exemption, to establish that she is entitled to it. People ex rel. Twenty-Third St. R. R. Co. v. Commissioners of Taxes, 95 N. Y. 554; People ex rel. Newburgh Savings Bank v. Peck, 157 N. Y. 51, 51 N. E. 412, where the court say at page 54, 157 N. Y., and page 413, 51 N. E.:

"No person or property is impliedly exempt from taxation, and it is the rule that, where exemption is claimed, the statute is to be strictly construed against the claimant."

The burden resting upon her she has not met in this case, but has affirmatively proved by her own testimony that there was no recognition of the parental relation.

The decree of the Surrogate's Court, which affirmed the order of that court modifying the report of the appraiser, should be modified, with costs of this appeal to be paid by the executors out of the funds in their hands belonging to Jennie Lyon, and the report of the appraiser be confirmed, and the tax to be imposed upon the property passing to said Jennie Freeman Lyon under the will of said Davis, deceased, and which was appraised at $27,480.70, should be at the rate of 5 per cent. thereon.

So ordered. Form of order to be settled before Mr. Justice SPRING on two days' notice. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent.