### In re JEFFREY'S ESTATE.

#### (Surrogate's Court, Monroe County. May 27, 1912.)

PARENT AND CHILD (§ 3*)—MAINTENANCE AND EDUCATION OF CHILD.

A father, having sufficient financial ability to maintain and educate his minor children, must do so from his own funds, without right to be reimbursed from their property, whatever be its value.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–62; Dec. Dig. § 3.*]

In the matter of the estate of Mercy Ann Jeffrey, deceased. On accounting by Joseph A. Schantz, executor. Objections to account sustained.

Chas. F. Dean (John Desmond, of counsel), for executor.
Richard E. White, for contestants.

BROWN, S. This is an accounting by Joseph A. Schantz, as executor of the last will and testament of Mercy Ann Jeffrey, deceased. The parties interested are the said executor as such, and as legatee under the will of said deceased, and his three children, Mercy E., Marion T., and Joseph N., who are likewise legatees and interested in this accounting, all of whom are infants. The will of the decedent gave her property in equal shares to her three grandchildren and their father. The father was named as executor, and qualified, and has been acting as such. It appears that her estate largely consists of real estate, that it is worth at least $100,000, and that its net income is between $5,000 and $6,000. It therefore appears that the father and each of the children have an interest of $25,000 each in said estate, and that their share in the net income would be about $1,250 apiece. It further appears that previous to June, 1911, the father was worth at least the sum of $50,000, aside from his interest in said estate. During most of the time in which the father has been acting as executor herein he has been worth, including his interest in said estate, the sum of $75,000 and upwards.

The only question at issue in this court is as to whether or not the father should be allowed out of the infants' shares in said estate the

moneys expended by him for the education, care, and maintenance of the infants during the time covered by this account. The special guardian appointed by the court to guard the interests of the infants on this accounting objects to such payments, and that is the issue to be determined herein.

The technical question, that no guardian has been appointed as yet to represent these infants, is not pressed by the special guardian as a ground for refusing the allowance to the executor, if otherwise the court is satisfied that the executor is entitled to such allowance. That being understood, the court takes up the question upon the legal proposition as to whether or not a father, situated as the evidence disclosed in this case, should be allowed for moneys expended by him for the education, care, and maintenance of his infant children under the circumstances shown here as to their means and his means, respectively. The father seeks to be allowed in his account as follows: Expenses charged to Joseph N. Schantz, for education, $1,326.66; expenses of Mercy E. Schantz, for education, $3,247.76; expenses of Marion T. Schantz, for education, $2,328.47.

The common law made the father liable for the support of his children, and as a general rule the father was held, if he can, to maintain as well as educate his children, whatever their circumstances may be, and no allowance was permitted to be made him out of their property while his own means were adequate for such purposes. This principle is clearly established both in England and in America, and the strict rule of the common law regarded the parent as without legal right to reimbursement for his outlay in this direction. Schouler on Domestic Relations, § 238.

In the Matter of Kane, 2 Barb. Ch. 375, Chancellor Walworth, writing the opinion of the court, says:

"It is a settled principle of the Court of Chancery not to allow maintenance on behalf of infants out of their property, unless it will be for their benefit to order such an allowance. And it is not for the benefit of infants to direct an allowance out of their general estate, where they have any other sufficient provision for their maintenance, or a right which can be enforced to demand it from other sources. The court, therefore, will not direct an allowance to the father of the infants out of their estate, where he is of sufficient ability to maintain and bring them up without it, in reference to their situation and prospects in life, having due regard for the claims of others upon his bounty. Thus in the case of Jackson v. Jackson, West, Ch. Rep. 31, where it appeared that the father was of sufficient ability to maintain his infant child, Lord Hardwicke refused to allow maintenance out of the proceeds of a legacy given to the infant by the will of his mother. And in the subsequent case of Darley v. Darley, 3 Atk. Rep. 399, where the father of the infants claimed an allowance out of the legacy he had received for his children for moneys expended for the maintenance of the one and the apprenticing of the other, the same distinguished judge refused to sanction the claim. He said, where legacies were given to a child by a relative, the father could not make use of it in the maintenance of such child, but must provide for him out of his own pocket; nor could he set him out in the world, or put him out as apprentice or clerk, with the money arising from the legacy; and, if he did, he would not be allowed for it. So in Wellesley v. Beaufort, 2 Russ. Rep. 28, Lord Eldon says: 'The court considers the duty of the father imposes thus much on him, that if he be himself of ability to maintain his children, and to provide for them according to their expectations, be their

fortunes what they may, it says you shall provide for them out of your own means, and not encroach upon the property of the children.' The same principle will be found established in many other cases. The amount of the fortunes of the children, as well as the situation, ability, and circumstances of the father, should, however, be taken into consideration by the court, in determining the question whether he shall have an allowance out of their property for their support during their minorities."

In the case of Beardsley v. Hotchkiss, 30 Hun, 609, Judge Barker, writing the opinion, follows the principle above laid down, where it was applied by a referee relative to the support and education during minority, citing Matter of Kane, supra, and other authorities. This principle was approved by the Court of Appeals in affirming the decision on appeal in 96 N. Y. 201.

The same principle is reasserted in Matter of Davis, 98 App. Div. 546, 548, 90 N. Y. Supp. 244, 246, in the opinion of Justice Spring, in which the learned Justice says:

"The point is, if she was his daughter and he was capable of providing for her, as he unquestionably was, he had no right to intrench upon her property and her income to maintain and educate her. That duty was incumbent upon him if the parental relation existed."

See, also, Matter of Wilber, 27 Misc. Rep. 53, 57 N. Y. Supp. 942.

The case of Otis v. Hall, 117 N. Y. 131, 22 N. E. 563, Judge Danforth writing the opinion, holds:

"It is well settled that where parties sustain the relation of parent and child, either by nature or adoption, the former, in the absence of an express promise, cannot be required to pay for services rendered by the child, nor the latter be obliged to pay for maintenance."

With the foregoing array of authorities, I hold that, where a father has sufficient financial ability to maintain and educate his minor children, it is his duty to so maintain and educate them out of his own funds, no matter what may be the value of the property of his infant children. Where it appears from the facts in any particular case that a father is unable to maintain and educate his children, due regard being had to the rightful demands of others who are equally entitled to his bounty, the surrogate has power to decide the question upon equitable principles, and make such allowance out of the infants' funds as in the court's judgment is for the best interests of the infants so to do. The facts in this case, however, show a father amply able to educate his three minor children and to maintain them, without the diminution of their individual property during their minority, during the time covered by this accounting. I hold this to be the correct rule in the case as it is now presented before us, and the proper rule with the facts before us, even if the claim had been made through a general guardian of the respective infants, or by the father against a guardian of the respective infants.

In recapitulation, I find as matter of fact that the father, Joseph A. Schantz, is of sufficient financial ability, and was during the period covered by this accounting, to maintain and educate his three children.

I find, as conclusions of law, that the said Joseph A. Schantz, father of said infants, is liable for the education of his said three chil-

dren, and that his account herein should be surcharged the respective amounts charged against them for support and maintenance, as set forth in his said account.

Let detailed findings be prepared in accordance with the terms of this decision, and decree entered thereupon in the decree of final judicial settlement herein, with costs as of an accounting to the executor, and allowance as of a contest to the special guardian for the infants herein, both payable out of the estate, and with additional allowance to the special guardian, payable out of the respective shares of the infants in said estate, all to be taxed and settled and adjusted and allowed upon the settlement of findings and decree of five days' notice.