## In re LYONS' ESTATE.

### (Surrogate's Court, Monroe County. July 24, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 503*)—ACCOUNTING—VOUCHERS.

Where a widow, as executrix of her husband's estate, claimed the right to an allowance for a minor child's share of the cost of supporting the family during administration, she was not required to furnish itemized receipts from other persons for the amount of the child's share; but it was sufficient for her to file a voucher from herself individually to herself as administratrix for the care and support of the infant, provided no objections were made as to the value of such support and maintenance.

[Ed. Note.—For other cases. see Executors and Administrators, Cent. Dig. §§ 2153–2156; Dec. Dig. § 503.*]

2. PARENT AND CHILD (§ 3*)—SUPPORT—LIABILITY OF PARENT.

While a father, who was able to do so, is bound to maintain and educate his child at his own expense, though the child may have property of his own sufficient for that purpose, the mother is not liable for the child's support, where the child has sufficient property, or where ample provision is otherwise made for his support, or where he is able to earn the same himself.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–62; Dec. Dig. § 3.*]

3. EXECUTORS AND ADMINISTRATORS (§ 109*)—SUPPORT OF CHILDREN PENDING ADMINISTRATION.

Where a widow was appointed administratrix of her husband's estate, and for over two years cared for one of the minor children, who had an interest in the estate, the mother was entitled to reimbursement out of such interest and for the reasonable value of the child's care.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 435–438, 440–447; Dec. Dig. § 109.*]

4. EXECUTORS AND ADMINISTRATORS (§ 484*)—ACCOUNTING—SUPPORT OF CHILDREN—CREDIT.

Where a widow, as administratrix of her husband's estate, cared for a minor child pending administration, and the value of such care was equal to the child's share of the estate, it was not necessary that such share be paid over to a general guardian appointed for the infant, and the amount repaid to the widow individually on a petition against the guardian; but the widow could be allowed a reasonable amount for the support of such child as a credit in her account as administratrix.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 763, 2067; Dec. Dig. § 484.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judicial accounting by the executrix of the estate of Abram Lyons, deceased. On objections to an allowance to the executrix for the support of a minor child. Overruled.

Merle L. Sheffer, for petitioner.

T. P. McCarrick, special guardian, pro se.

BROWN, S. The decedent died on August 3, 1909, leaving a widow, who is the administratrix accounting herein, and six children, all of whom are of full age except Isidor. A special guardian was appointed for the said Isidor on this proceeding. The special guardian objects to the payment of $600.14, which would be the share of said infant in said estate before deducting the expenses of this accounting, etc. This amount is claimed by the administratrix, as the mother of said child, for support and maintenance of said child since the death of the decedent.

The objections raised are in form as follows: (1) That the administratrix has not filed vouchers for the items contained in said Schedule E. (2) That said disbursements, if made, were made without authority by said administratrix, and are not proper charges against the said infant, Isidor Lyons.

[1] As to the first objection, the administratrix cannot be required to furnish itemized receipts from other people for the amount of the share of the said child in supporting the family; but if she files a voucher from herself individually to herself as administratrix for the care and support of said infant since the death of the father, that should be a sufficient voucher, if no objections are made as to the value of such support and maintenance. The court understands that no such objection is made. Accordingly, that objection should be dismissed, upon the filing of such a voucher, receipted in full for the support and maintenance since the death of decedent.

[2] As to the second objection, that must be considered under two heads: First, is the mother entitled to reimbursement for the care and support of the infant? And, second, if she is, must she first be appointed guardian, and seek to be reimbursed through the guardian, after the share of said infant has been turned over to the guardian by her as administratrix, being surcharged with the value of the interest of said infant.

As to the first point, is the mother entitled to recover from the infant's property reasonable compensation for the care and support of the infant? This court has held, where a father is of sufficient means, he must support and maintain and educate his children without having recourse to their property. Matter of Jeffreys, 137 N. Y. Supp. 168. While that is the law in this state, as shown by an abundance of authority, it does not seem to be the law in this state in reference to a mother. It appears that a mother is not obliged to support her child, even if she has means, so long as the child has property of its own.

"A father who is able to do so is bound to maintain and educate his children at his own expense, although the children may have property of their own sufficient for the purpose; but a mother is not liable for the support

of the children, where their own property is sufficient for the purpose, where ample provision is otherwise made for their support, or even it has been held where they are able to earn their own support." 29 Cyc. 1608.

Also:

"While in a proper case the support and education of a child may be made a charge against its estate, the father cannot be allowed to use the property of the child for its support and education unless this is absolutely necessary, or to charge the estate of the child for its support and education, save under exceptional circumstances. Where, however, the duty of support has developed upon the mother, she is entitled to be allowed a reasonable amount out of the property of the children for their maintenance and education, without reference to her own ability to support and educate them, and such allowance may be made, not only to provide for the future, but also to reimburse her for past expenditures." 29 Cyc. 1616.

The above principle of law seems to be approved in the case of Cumming v. Brooklyn City Ry. Co., 109 N. Y. 100, 16 N. E. 67, where it is stated:

"The legal obligation of maintenance and support resting on the mother is especially imperfect. In all cases it necessarily can be enforced only in cases of the pecuniary liability of the parent, and in case of the mother the child's means are first chargeable with his support."

In Furman v. Van Sise, 56 N. Y. 445, 15 Am. Rep. 441, the court said:

"The obligation of the mother to support her child is qualified, and only exists when they have no means and are incapable of supporting themselves."

The same principles are also held in Gladding v. Follett, 2 Dem. Sur. 58, affirmed in 30 Hun, 219, and further affirmed in 95 N. Y. 652, in Voessing v. Voessing, 4 Redf. Sur. 360, in Matter of Winsor, 5 Dem. Sur. 340, and in Wilkes v. Rogers, 6 Johnson, 566.

[3] In the case before us it is conceded that the mother has taken care of the child for over two years, and that the child has some property in this estate. Therefore, in accordance with the foregoing principle and cases, applied to these facts, I am of the opinion that the mother is entitled to be reimbursed for the support and maintenance of such child at the rate of $5 a week during the time that she has been caring for the child, provided, however, the aggregate amount does not exceed the amount coming to the child on this accounting.

[4] We now come to the next point, as to whether or not the administratrix should be surcharged with this amount and pay it over to the general guardian to be appointed of said infant. The appointment of a general guardian and the payment over to the general guardian would be the regular way—in fact, it is the best way, and should generally be done; but when all of the parties are before the court, as they are in this case, and there is no question of bona fides in the transaction, when the amount coming to the infant would be entirely absorbed in paying the reasonable maintenance of said child during the time that it has been maintained by the mother, it would seem an unnecessary exaction on the part of the court to require the expense to the estate at this time in the appointment of a general

guardian, and the surcharging of the present account of the administrator, and direction to pay that over to a general guardian when appointed, simply to be paid out by the guardian to this mother for the support upon a future application, when it appears clearly to the court that if a guardian had been appointed, and such application had been made, the mother would have been entitled to reasonable allowance for the support and maintenance of said child.

Redfield's Surrogate's Practice (7th Ed.) § 791, says:

"Moneys advanced by an executor or administrator out of his own resources to a legatee or distributee may be reimbursed by allowing his charge therefor on his accounting, and where allowances are made for the support of minors in the family of the executor or administrator the subject of offsetting the value of their services should be considered."

Heaton, in his work on Surrogate's Court (volume 1, § 67), says:

"While it is not good practice for an executor or administrator to advance any funds of the estate for the support of an infant child of a decedent who had a share of the estate, yet where small sums of money have been used for the support of infants who have no general guardian, it is customary to allow the executor or administrator such sums of money so advanced, and to charge the same to the share of the infants, as though such sums had been advanced to a duly appointed general guardian and by him applied to such uses."

The leading authority in this state upon the proposition that an executor or administrator may be allowed upon his accounting for advances made to an infant for past support and maintenance is Hyland v. Baxter, 98 N. Y. 610.

On the above authorities, and the facts appearing in this case, I am of the opinion that the administratrix should be allowed for care and support of the infant since the death of the father, as far as the funds coming to the infant in this case permit, and being, under the circumstances of this case, regarded as reasonable in amount, they should be allowed her upon filing of a receipt in full of all claims for such support and maintenance during such period of time.

I accordingly dismiss the objections to the administratrix's account, and allow as a credit to the administratrix the amount that may be found coming to said infant, upon filing a receipt in full of all care, maintenance, and support of said infant from the death of the decedent to the time covered by the accounting herein.

Let findings in accordance with this decision be settled, and provision entered in the decree allowing such claim, and let a decree of judicial settlement be entered herein, with costs as of an accounting to the administratrix, and with allowance to the special guardian, both to be taxed and allowed upon the settlement of the findings and decree herein, on three days' notice or voluntary appearance of the parties in open court.