In the Matter of the Guardianship of JOHN FRANCIS FARRELL, an Infant.

Surrogate's Court, Bronx County, April 30, 1924.

Guardian and ward — application for allowance out of infant's estate for his support and maintenance — duty of supporting infant devolves on foster father by reason of adoption — allowance should be made if facts warrant finding foster father cannot support child.

An allowance will be made out of an infant's estate for his support and maintenance if it appears that the circumstances of the foster father, and his wife, the infant's guardian, are such that they cannot support and maintain the infant or that special expenses have been incurred which were necessary for the welfare of the infant, and which they cannot pay.

If at any time the foster father and the guardian deem it advisable that special advantages be given to the infant which they believe warranted by his income and which they are unable to defray, or if the infant is in need of medical attention or the financial condition of the foster parents becomes such that they cannot perform the duty imposed upon them, the Surrogate's Court will entertain an application for an allowance since the best interests of the infant are to be subserved at all times.

APPLICATION for an allowance out of an infant's estate for his support and maintenance.

John H. Emmerich, for the petitioner.

Joseph Strauss, for the respondent.

8

Surrogate's Court, Bronx County, April, 1924.        [Vol. 123

SCHULZ, S.  This is an application by a guardian of an infant for an allowance out of his estate for his support and maintenance.

The guardian, a maternal aunt of the infant, was appointed after a spirited contest between her and the paternal grandmother, charges being made by each side that the interest manifested by the other was due to the property which the infant had or would receive.  At that time the present guardian agreed that if appointed, she would support the infant and that no part of the infant's property would be used for his support and education.  A provision to that effect was incorporated in the decree with the qualification, however, that if it became necessary to apply any part thereof for such purposes, an order of the surrogate should be applied for, upon notice to such persons, if any, as he might direct.  Upon this application, the surrogate directed that notice be given to the paternal grandmother and she opposes the application.  It is set forth in the moving papers that since her appointment as guardian the petitioner and her husband have adopted the infant.

There was precedent for attaching conditions to the appointment of the guardian.  *Derickson* v. *Derickson*, 4 Dem. 295; *Matter of Wagner*, 75 Misc. Rep. 419; *Matter of Mancini*, 89 id. 83; *Matter of Lamb's Estate*, 139 N. Y. Supp. 685; *Matter of Cross*, 92 Misc. Rep. 89; affd., 174 App. Div. 872.  Under the circumstances, the duty of supporting and maintaining the infant rests upon the foster father by reason of the adoption, and in the event of his inability, upon the guardian, owing to the facts above stated.  If it is shown, however, that the circumstances of the foster father and guardian are now such that they cannot perform that duty or that special expenses have been incurred which were necessary for the welfare of the infant and which they cannot pay, then the infant should not suffer for that reason and an allowance should be made.

Among the items making up the amount asked for are some for medical attendance and medicines, expenses somewhat out of the ordinary, and also one for the premium on the guardian's bond aggregating $105.  This amount together with the sum of $25 costs will be allowed to the guardian.  If at any time the foster father and the guardian deem it advisable that special advantages be given to the infant which they believe warranted by reason of the income which he has, and which they are unable to defray, or if the infant is in need of medical attention or the financial condition of the foster father and guardian becomes such that they cannot perform the duty imposed upon them, the court will entertain an application for an allowance.  The foster parents and guardian are charged with the duty of seeing that the best interests of the infant are at all times subserved.

Upon a prior application, an allowance of $100 was made to the guardian upon which no order was ever entered and which application it was stated the guardian now desires to withdraw. An order may, therefore, be entered upon this application allowing the guardian the sum of $105 and the sum of $25 costs and permitting a withdrawal of the application heretofore made.

Decreed accordingly.