Lilly Tsavalas, Respondent, v. James Tsavalas, Appellant.— Appeal dismissed, without costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

F. Charles Wappler, Appellant, v. Wappler Electric Company, Inc., Respondent.— Appeal dismissed, without costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

F. M. Welles Corporation and Others, Appellants, v. Alexander Meyer and Others, Respondents.— Appeal dismissed, without costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

Abram Sebring, as Receiver of the Community Live Poultry Corporation, Respondent, v. Philip Katsher and Max Kaplan, Defendants. Joseph A. Laub, Appellant.— Appeal dismissed, without costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

## Third Department, November, 1928.

In the Matter of the Judicial Settlement of the Accounts of Bridget E. Owens, as General Guardian of the Property and Estate of Ann Owens, an Infant.

Per Curiam. The allowance of $798 to the guardian for the ward's maintenance should be reversed. Because of the relation between the guardian and the ward, the intention to charge for care must be shown by clear and convincing proof. It must appear that the expenditure was necessary for the best interests of the infant. She could have been maintained without expense by other relatives of the same degree as the guardian. The funds of her estate were not in fact applied toward her support, but were used for other purposes, and the claim for maintenance was made only after it appeared that the purposes for which the money had in fact been expended were not legal. The allowance of this claim is not sustained by the authorities. (*Otis* v. *Hall*, 117 N. Y. 131; *Clare* v. *Mutual Life Insurance Co.*, 201 id. 492; *Matter of Wandell*, 32 Hun, 545; *Shepard* v. *Stebbins*, 48 id. 247; *Johnson* v. *Weir*, 72 App. Div. 325; *Matter of Grant*, 56 id. 176; *Matter of Farrell*, 123 Misc. 113.) Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur. Decree reversed on the law and facts, and the matter remitted to the Surrogate's Court for the entry of a decree disallowing the following items: $798 for support and maintenance of the minor, and guardian's commissions $30. The twelfth and thirteenth findings of fact, and such facts as are stated as conclusions of law, which permit the guardian to be paid for maintenance, are disapproved.