In the Matter of the Judicial Settlement of the Account of Proceedings of LEONARD A. GIEGERICH, JR., and Another, as Executors, etc., of LEONARD A. GIEGERICH, Deceased.

Surrogate's Court, Bronx County, December 19, 1929.

*Charles L. Hoffman, Henry A. Friedman* and *Marton M. Mandel,* for the executors.

*Mesard & Mesard,* for H. Valentine Wildman.

*McCarthy & Brown,* for Mary L. Giegerich and others.

SCHULZ, S.   By paragraph 8th of his will the decedent gives to his granddaughter, Barbara, an amount equal to one-half of the death benefit paid to two other grandchildren by a benevolent society, pursuant to a benefit certificate issued to him.   In paragraph 12th of  the document he provides as follows: " The trust created in paragraph of this will marked ' Ninth ' in subdivision (b) thereof, shall be deemed to include and cover all of the property to which my grandchildren may be entitled under this Will." The question presented is whether or not the bequest mentioned falls into the trust.

The fact that the language limiting the bequest theretofore apparently made appears in a subsequent paragraph is not of itself sufficient to compel a holding that it does not affect such bequest. (*Howland* v. *Clendenin,* 134 N. Y. 305, 309; *Matter of Ithaca Trust Co.,* 220 id. 437, 443; *Seaward* v. *Davis,* 198 id. 415, 419; *Leggett* v. *Firth,* 132 id. 7, 10.)

The decedent was a jurist of great learning and experience; the language he used is clear, definite, certain and unequivocal; and unless it was intended to affect the bequest stated, there would appear to be no reason for its incorporation in his will.

It follows that the bequest in paragraph 8th must be held under the trust referred to.

In paragraph 9th of his will the decedent established three trusts, one for each of his grandchildren, the income, issues and profits thereof " to be used and applied towards the support, maintenance and education of such child during his or her minority, the principal of such trust fund, together with any accumulated income, to be paid to him or her upon attaining the age of 21 years."   The question is whether the mother is required to support such children to the limit of her financial ability or whether the support, etc., of

each child shall be paid out of the income of the trust fund for his or her benefit.

The cases cited by the petitioner are not decisive of the question. In *Goodman* v. *Alexander* (165 N. Y. 289) the question was not at issue and the only matter determined was whether a complaint was sufficient or not. In *Otis* v. *Hall* (117 N. Y. 131) it was a guardian and not a parent who was involved. In *Beardsley* v. *Hotchkiss* (96 N. Y. 201) and *Matter of Jeffrey* (137 N. Y. Supp. 168) it was the father whose responsibilities the court was considering.

The surrogate who decided *Matter of Jeffrey* (*supra*) in a subsequent proceeding entitled *Matter of Lyons* (137 N. Y. Supp. 171) and determined about two months thereafter, where the parent was a mother, referring to the former matter, said: " This court has held, where a father is of sufficient means, he must support and maintain and educate his children without having recourse to their property. (*Matter of Jeffrey, supra.*) While that is the law in this State, as shown by an abundance of authority, it does not seem to be the law in this State in reference to a mother. It appears that a mother is not obliged to support her child, even if she has means, so long as the child has property of its own," and allowed the mother for the support of the infant out of the infant's estate.

In *Cuming* v. *Brooklyn City R. R. Co.* (109 N. Y. 95, 100) the court observed that " The legal obligation of maintenance and support resting on the mother is especially imperfect. In all cases it necessarily can be enforced only in cases of the pecuniary ability of the parent, and in case of the mother, the child's means are first chargeable with his support."

In *Welch* v. *Welch* (200 N. Y. Supp. 652, 655) the court held " that, when it is necessary to pay out money for the support and education of infant children, the widowed mother may be allowed to make such disbursements from the funds of the infant before resorting to her own."

In *Wilkes* v. *Rogers* (6 Johns. 566) the court held that, after the death of the father, the mother may use the rents and profits of infant children's property for their support and education although she had a large separate estate.

In *Gladding* v. *Follett* (2 Dem. 58; affd., 30 Hun, 219; affd., 95 N. Y. 652) it appeared that the father of the infant was a bankrupt, and that the mother had property of her own sufficient to support it, and almost wholly maintained the infant. It was held that the mother was entitled to be paid in full for the moneys expended by her for said infant.

In *Matter of Friedlander* (189 App. Div. 90, 94) the court made an

allowance to the mother for her past expenses in support of infant children, out of the income of a trust estate which was devoted to their support, education and maintenance.

On the authority of the foregoing, I hold that the income of each of the trust funds should be applied to the support, maintenance and education of the respective beneficiaries before the mother is required to contribute thereto.

Settle decision accordingly and incorporate in the decree.